STATE OF NORTH CAROLINA v. JOE LOUIS HARRIS

No. 85A81

(Filed 5 October 1982)

**1. Criminal Law § 120— insanity defense—instruction concerning proper**

In a prosecution for murder where the defendant used the insanity defense, an instruction that if defendant was acquitted by reason of insanity, he would not be released but would be held in custody until a hearing could be held to determine whether he should be confined to a state hospital was an instruction which was in sufficient detail to meet the requirements of prior case law and G.S. 122-84.1.

**2. Criminal Law § 113.3— instruction on consequences of insanity defense proper**

The trial judge did not abuse his discretion by instructing on the consequences of acquitting defendant by reason of insanity without request by defendant.

Justice MITCHELL took no part in the consideration or decision of this case.

DEFENDANT appeals from judgments of *Hobgood, J.*, entered at the 20 August 1979 Criminal Session of Superior Court, WAKE County.

Defendant was indicted and convicted of four charges of murder in the first degree. The cases had been previously tried at the 6 October 1975 Session of Wake County Superior Court. On appeal from that trial, a new trial was ordered because the lesser included offense of murder in the second degree had not been submitted to the jury. The opinion is reported in 290 N.C. 718, 228 S.E. 2d 424 (1976), and reference is made to it for a full statement of the facts.

From the judgments of life imprisonment, defendant appeals to this Court.

*Rufus L. Edmisten, Attorney General, by Elizabeth C. Bunting, Assistant Attorney General, for the state.*

*C. D. Heidgerd for defendant appellant.*

MARTIN, Justice.

[1] Defendant raises two issues on this appeal. First, he submits that the trial court erred in its instructions to the jury concerning the effect of a verdict of not guilty by reason of insanity.[1] In both of his trials, defendant relied upon the defense of insanity. During the course of its charge on insanity, the court gave these instructions:

> When you, the jury, consider your verdict, I instruct you that you shall first consider the first issue on the first page which I have handed each of you a copy of . . . . As follows: Was the defendant, Joe Louis Harris, on January the 9th, 1975, at the time of the alleged offenses by reason of a defect of reason or disease of the mind incapable of knowing the nature and quality of the act which he is charged with having committed, or if he did know this, was he by reason of such defect or disease incapable of distinguishing between right and wrong in relation to such act.

> If you answer this "yes," as I have heretofore told you, do not answer anything further. Of course, if you answer it "yes," then I will direct a verdict of not guilty in all four cases. If you answer this "no," then you will proceed to consider your answer on page 3 to the possible verdicts you'll find on page 2.

> [If you answer this issue "yes" and I then thereafter direct a verdict of not guilty because of that answer in each of these cases, I will order the defendant held in custody until such time as a hearing can be held to see whether or not he will be confined to a state hospital, at first for a period of

---

1. Defendant did not object to the charge at the time it was given. However, the contemporaneous objection rule, N.C.R. App. P. 10(b)(2), became effective 1 October 1981, after the trial of this case.

not more than ninety days and then another hearing will be held in reference thereafter to see whether or not he will continue to be held in the State Hospital as involuntary committed mental patient from time to time.]

Defendant excepted to the bracketed portion of this instruction.

He contends that the instruction is erroneous because it fails to detail how and when the involuntary commitment procedures would be administered. He would require the judge to detail the involuntary commitment procedures in his instructions, including the time and place of hearing, the standards to be applied, whether by judge or jury, and the rules respecting burden of proof.

We reject defendant's argument and hold that the challenged instructions do not constitute reversible error. In *State v. Hammonds*, 290 N.C. 1, 224 S.E. 2d 595 (1976), the Court held that "upon request, a defendant who interposes a defense of insanity to a criminal charge is entitled to an instruction by the trial judge setting out in substance the commitment procedures outlined in G.S. 122-84.1, applicable to acquittal by reason of mental illness."[2] *Id.* at 15, 224 S.E. 2d at 604. *Hammonds* did not set forth the precise instruction to be given, resulting in a case by case determination of whether there has been substantial compliance with the rule.

The Court in *State v. Bundridge*, 294 N.C. 45, 239 S.E. 2d 811 (1978), gave further guidance in determining whether there has been substantial compliance with the rule. In *Bundridge*, defendant requested that the jury be instructed " 'of the existence of commitment procedures under North Carolina law applicable to a defendant acquitted by reason of mental illness.' " *Id.* at 53, 239 S.E. 2d 817. The trial court did not limit its instructions to the existence of commitment procedures, but further instructed the jury on the procedures. This Court held that "[t]he gist of G.S. 122-84.1 is that the trial judge shall hold a defendant who is ac-

2. N.C.G.S. 122-84.1 was repealed effective 1 July 1978. Post verdict procedures in cases of not guilty by reason of insanity are now controlled by N.C.G.S. 15A-1321 and article 5A of chapter 122 of the General Statutes of North Carolina. The first Harris trial was held in October 1975 and the present trial was held in August 1979. Insofar as this case is concerned, the differences in former N.C.G.S. 122-84.1 and the present statutes are immaterial.

quitted on the grounds of insanity for further hearings to determine whether he is imminently dangerous to himself or others." *Id.* The Court further held that the failure to give such instruction might tend to cause the jury to return a verdict of guilty to ensure that the defendant would be incarcerated for the safety of the public and for his own safety; that by giving the gist of N.C.G.S. 122-84.1, the court removes this confusion and puts the trial back upon an even keel; and that giving a more detailed instruction than requested by defendant did not result in prejudicial error. 294 N.C. 45, 239 S.E. 2d 811.

In the present case, defendant argues the reverse of *Bundridge*, that is, he claims that the court did not give the instructions in sufficient detail. We hold that the instructions substantially comply with the requirements of *Hammonds* and *Bundridge.* Judge Hobgood gave the jury the central meaning of the statute: that if defendant was acquitted by reason of insanity, he would not be released but would be held in custody until a hearing could be held to determine whether he should be confined to a state hospital. This was sufficient to remove any hesitancy of the jury in returning a verdict of not guilty by reason of insanity, engendered by a fear that by so doing they would be releasing the defendant at large in the community.

[2] Next, defendant takes an opposite position and argues that because he did not request such instruction, the giving of the instruction was prejudicial error. His argument is that if he requests the charge, he is entitled to it. Ergo, if he does not request the charge, it is error for the court to give the instruction.

Defendant's argument has no merit. He cannot prohibit the giving of an instruction to the jury by failing to request the instruction. Regardless of requests by the parties, a judge has an obligation to fully instruct the jury on all substantial and essential features of the case embraced within the issue and arising on the evidence. *State v. Ward,* 300 N.C.150, 266 S.E. 2d 581 (1980). The trial judge may in his discretion also instruct on the subordinate and nonessential features of a case without requests by counsel. The purpose of a charge is to give a clear instruction which applies the law to the evidence in such a manner as to assist the jury in understanding the case and in reaching a correct verdict. *State v. Williams,* 280 N.C. 132, 184 S.E. 2d 875

(1971). The trial judge has wide discretion in presenting the issues to the jury. *State v. Mundy,* 265 N.C. 528, 144 S.E. 2d 572 (1965). This responsibility cannot be delegated to or usurped by counsel.

The giving of the challenged instruction in this case assisted the jury in understanding the case and in reaching a correct verdict. *Williams, supra.* We find no abuse of discretion by the trial judge in so doing.

A careful consideration of the entire record on appeal discloses that defendant received a fair trial, free of prejudicial error.

No error.

Justice MITCHELL took no part in the consideration or decision of this case.