STATE v. COLEMAN

[227 N.C. App. 354 (2013)]

———————

STATE OF NORTH CAROLINA
v.
ANTHONY COLEMAN

No. COA12-946

Filed 21 May 2013

**Drugs—trafficking heroin—jury instruction—guilty knowledge— plain error**

The trial court committed plain error in a trafficking in heroin by possession and trafficking in heroin by transportation by failing to adequately instruct the jury on the law of guilty knowledge. The trial court should have instructed the jury in accordance with the pattern jury instructions regarding circumstances where a defendant contends he did not know the true identity of what he possessed.

Appeal by defendant from judgments entered 10 December 2010 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 30 January 2013.

*Attorney General Roy Cooper, by Assistant Attorney General J. Joy Strickland, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Andrew DeSimone, for defendant-appellant.*

BRYANT, Judge.

Where the trial court failed to adequately instruct the jury on the law as it applied to the material facts of this case, we hold the failure amounts to plain error. Defendant is entitled to a new trial.

On 25 November 2009, defendant was stopped by officers with the Charlotte-Mecklenburg Police Department for a traffic violation. When questioned as to whether he had any drugs or weapons in the vehicle, defendant acknowledged carrying marijuana. The officers recovered a baggie containing approximately 28 grams of marijuana from the front passenger compartment and then proceeded to search the vehicle. In the trunk, the officers recovered a box containing six similarly sized bags of marijuana and approximately 45 grams of heroin. Defendant was arrested and later indicted on charges of trafficking in twenty-eight grams or more of heroin, by possession and trafficking in twenty-eight grams or more of heroin, by transportation.[1]

A jury trial was conducted during the 6 December 2010 Criminal Session of Mecklenburg County Superior Court, the Honorable Timothy S. Kincaid, Judge presiding. During the prosecution's case-in-chief, an audio recording of defendant's interview with police detectives made the day of his arrest was admitted into evidence and played for the jury. Defendant presented no evidence at trial.

At the conclusion of the evidence, the jury returned guilty verdicts on the charges of trafficking in heroin by possession and trafficking in heroin by transportation. The trial court entered judgment in accordance with the jury verdicts and sentenced defendant to concurrent terms of 225 months to 279 months.[2] Defendant appeals.

---

On appeal, defendant raises two issues: whether the trial court erred by (I) failing to instruct the jury on the law of guilty knowledge; and (II) failing to intervene *ex mero motu* during the State's closing argument.

---

1. Although the record indicates defendant had more than twenty-eight grams of marijuana in his possession at the time of his arrest, there is no indication that defendant was ever charged with offenses related to possession of the marijuana.

2. We note that the sentence for trafficking in heroin is quite severe, an active term of 225 to 282 months and a fine of not less than $500,000.00 is imposed for possessing 28 grams or more, compared to trafficking in cocaine – where an active term of 175 to 219 months and a fine of not less than $250,000.00 is imposed for possessing quantities of 400 grams or more, and trafficking in marijuana – where a term of 175 to 219 months and a fine of not less than $200,000.00 is imposed for possession of quantities of 10,000 lbs. or more. N.C. Gen. Stat. § 90-95(h) (1)(d.), (3)(c.), and (4)(c.) (2011).

Because the first issue is dispositive of this case, we need not review the second issue.

*I*

Defendant argues that the trial court erred by failing to instruct the jury on the law of guilty knowledge. Specifically, defendant contends that the trial court erred in failing to instruct the jury in accordance with the pattern jury instructions regarding circumstances where a defendant contends he did not know the true identity of what he possessed. We agree.

### *Preservation of issue for appeal*

During the charge conference, the trial court stated that on the charges of trafficking by possession and trafficking by transportation, it would instruct the jury in accordance with North Carolina pattern instructions – N.C.P.I. criminal 260.17 and 260.30. Defendant asked if the trial court would "give the usual instruction about knowing." During the subsequent exchange, the trial court gave no indication that it would include the language contained in footnote 4 of both N.C.P.I. criminal 260.17 and 260.30, addressing scenarios where a defendant contends that he did not know the true identity of what he possessed. Defendant made no motion to amend the instruction, and following the trial court's jury charge, when offered an opportunity to request corrections to the instructions given, defendant made no requests or objections.

On appeal, defendant argues that the trial court erred by failing to give an instruction in accordance with footnote 4 of N.C.P.I.— Crim. 260.17 and Crim. 260.30. Footnote 4 of Crim. 260.17 provides that "[i]f the defendant contends that he did not know the true identity of what he possessed, [the State must prove beyond a reasonable doubt that] 'the defendant knew that what he possessed was [heroin]." N.C.P.I.—Crim. 260.17 n.4 (2012). The language set out in Crim. 260.30 n.4 is nearly identical.[3] Defendant requests that in the event we do not find that his argument has been preserved as a matter of law, we review the trial court's instructions for plain error.

Generally "[a] party may not make any portion of the jury charge or omission therefrom the basis of an issue presented on appeal unless

---

3. Footnote 4 of Crim. 260.30 provides that "[i]f the defendant contends that he did not know the true identity of what he transported, [the State must prove beyond a reasonable doubt that] 'the defendant knew what he transported was [heroin]." N.C.P.I.—Crim. 260.30 n.4 (2012).

STATE v. COLEMAN

[227 N.C. App. 354 (2013)]

the party objects thereto before the jury retires to consider its verdict
. . . ." R. App. P. 10(a)(2) (2012); *compare State v. Ross*, 322 N.C. 261,
265, 367 S.E.2d 889, 891 (1988) ("[Holding that] a request for an instruc-
tion at the charge conference [was] sufficient compliance with the
rule[, now N.C. R. App. P. 10(a)(2),] to warrant our full review on appeal
where the requested instruction [was] subsequently promised but not
given . . . ." (citation omitted)); and *State v. LePage*, 204 N.C. App. 37,
45-46, 693 S.E.2d 157, 163 (2010) (reviewing for prejudicial error a jury
instruction inconsistent with the pattern instruction agreed upon dur-
ing the charge conference).

"In criminal cases, an issue that was not preserved by objection
noted at trial and that is not deemed preserved by rule or law without
any such action nevertheless may be made the basis of an issue pre-
sented on appeal when the judicial action questioned is specifically and
distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4).

### Standard of Review

"[P]lain error review is limited to errors in a trial court's jury
instructions or a trial court's rulings on admissibility of evidence." *State
v. Roache*, 358 N.C. 243, 275, 595 S.E.2d 381, 403 (2004) (citation omitted).

> [T]he plain error rule ... is always to be applied cautiously
> and only in the exceptional case where, after review-
> ing the entire record, it can be said the claimed error is
> a *fundamental* error, something so basic, so prejudicial,
> so lacking in its elements that justice cannot have been
> done, or where [the error] is grave error which amounts to
> a denial of a fundamental right of the accused, or the error
> has resulted in a miscarriage of justice or in the denial to
> appellant of a fair trial or where the error is such as to
> seriously affect the fairness, integrity or public reputation
> of judicial proceedings or where it can be fairly said the
> instructional mistake had a probable impact on the jury's
> finding that the defendant was guilty.

*State v. Lawrence*, 356 N.C. 506, 516, 723 S.E.2d 326, 333 (2012) (citation
omitted) (original emphasis and brackets). Assuming without deciding
that defendant failed to properly preserve this issue for appellate review,
we review this issue for plain error.

### Analysis

In accordance with North Carolina General Statutes, section
15A-1231 (2011), the trial court conducted a conference on the jury

instructions after the close of the evidence and before the closing arguments of the parties. During this conference, the trial court identified by name and pattern jury instruction number the instructions that it intended to give during the jury charge including "260.17 and 260.30, trafficking in heroin by possession and by transportation, respectively . . . ."

North Carolina Pattern Jury Instruction, Criminal 260.17 – Drug Trafficking by Possession, in pertinent part, reads as follows:

> For you to find the defendant guilty of this offense the State must prove two things beyond a reasonable doubt:

> First, that the defendant knowingly possessed [heroin]. A person possesses [heroin] if he is aware of its presence and has . . . both the power and intent to control the disposition or use of that substance.

N.C.P.I.—Crim. 260.17 (2012). N.C. Pattern Instruction – Criminal 260.30 – Drug Trafficking by Transportation, states, in pertinent part, "[f]or you to find the defendant guilty of this offense the State must prove two things beyond a reasonable doubt: First, that the defendant knowingly transported [heroin]." N.C.P.I.—Crim. 260.30 (2012).

Footnote 4 of pattern instructions – criminal 260.17 and 260.30[4] advises the trial judge to further instruct the jury where defendant *contends* he did not know the identity of the substance. Footnote 4 of pattern instruction – criminal 260.17 reads, as follows: "If the defendant contends that he did not know the true identity of what he possessed, add this language to the first sentence: 'and the defendant knew that what he possessed was [heroin].' " N.C.P.I.—Crim. 260.17 n.4 (emphasis added). Therefore, if given as proposed by defendant, the first sentence of pattern instruction – Crim. 260.17 would read as follows: "First, that defendant knowingly possessed heroin and defendant knew that what he possessed was heroin." N.C.P.I. –Crim. 260.17 n.4.[5]

Knowledge that one possesses contraband is presumed by the act of possession unless the defendant denies knowledge of possession and

---

4. Footnote 4 of pattern instruction 260.30 advises the trial judge as follows: "[i]f the defendant *contends* that he did not know the true identity of what he transported, add this language to the first sentence: 'and the defendant knew what he transported was [heroin].'" N.C.P.I.—Crim. 260.30 n.4 (emphasis added).

5. If given as proposed by defendant, the first sentence of pattern instruction – Crim. 260.30 would read as follows: "First, that defendant knowingly transported heroin and defendant knew what he transported was heroin." N.C.P.I.—Crim. 260.30 n.4.

contests knowledge as disputed fact. *See State v. Tellez*, No. 09-1010, 2010 N.C. App. LEXIS 576, at *14 (N.C. App., 6 April 2010) (unpublished opinion).

The State argues that defendant is not entitled to the instruction set out in footnote 4 because "defendant did not testify nor did he present any evidence to raise the issue of knowledge as a disputed fact."

However, during the State's case-in-chief, a detective in the Vice Narcotics Unit of the Charlotte Police Department testified that he interviewed defendant the day he was arrested. The detective gave the following summary of defendant's statements during the interview: Defendant said he had been asked to hold a box until later in the week, at which time he would be contacted about where to deliver the box. Defendant stated he was expecting to be paid $200.00 for holding the box. "He said he thought the box contained marijuana and cocaine and he took some marijuana out of it and put it under the seat of his car." The interview had been audio recorded. The recording was admitted into evidence and played for the jury. Multiple times during the interview, defendant stated that when he was in possession of the box, he believed that it contained only marijuana and cocaine. We note that the trial court stated that the audio recording of defendant's interview was admitted into evidence as "an admission of the defendant." Accordingly, defendant's statement and the officer's testimony were admitted as substantive evidence. *See* N.C. Evid. R. 801(d) ("A statement is admissible as an exception to the hearsay rule if it is offered against a party and it is (A) his own statement . . . ."); *see also State v. Black*, ___ N.C. App. ___, ___, 735 S.E.2d 195, 203 (2012) (holding that the defendant's out of court statements were an admission by a party-opponent and admissible as substantive evidence pursuant to Rules of Evidence, Rule 801(d)); *e.g., State v. Smith*, 157 N.C. App. 493, 581 S.E.2d 448 (2003) (holding the defendant's statement to medical personnel that he was the driver and that he had been drinking was an admission by a party-opponent and admissible pursuant to Rule 801(d)). It is axiomatic that in a criminal trial when substantive evidence is admitted, it bears directly upon the question of the defendant's guilt or innocence.

A preliminary but significant point at issue before this Court is whether the assertion made by defendant in his interview with, and recounted in subsequent trial testimony by, law enforcement officers amounts to a *contention* that defendant did not know the true identity of what he possessed within the meaning of N.C.P.I. 260.17 and 260.30. We believe that it does. Consequently, we must consider whether such

contention amounts to defendant raising lack of knowledge as a "determinative issue of fact."

"Regardless of requests by the parties, a judge has an obligation to fully instruct the jury on all substantial and essential features of the case embraced within the issue and arising on the evidence." *State v. Harris*, 306 N.C. 724, 727, 295 S.E.2d 391, 393 (1982) (citation omitted); *see also*, *State v. Reid*, ___ N.C. App. ___, ___, 735 S.E.2d 389, 398 (2012) ("[W]here the trial court adequately instructs the jury as to the law on every material aspect of the case arising from the evidence and applies the law fairly to variant factual situations presented by the evidence, the charge is sufficient." (citation omitted)); *e.g.*, *State v. Murray*, 21 N.C. App. 573, 578, 205 S.E.2d 587, 590 (1974) ("Defendant contends that the court erred in failing to instruct the jury on . . . a lesser included offense . . . . If [the victim's] original statement . . . had been admissible as substantive evidence, this contention would be correct.").

The record reflects consistent assertions by defendant, admitted as substantive evidence, that he thought he was carrying marijuana and cocaine. This evidence made it necessary for the trial court to recognize the evidence as amounting to a contention that defendant did not know the true identity of what he possessed. Therefore, the trial court's failure to instruct the jury that it must find that defendant knew what he possessed or transported was heroin before finding defendant guilty of trafficking in heroin by possession or trafficking in heroin by transportation was error. *Harris*, 306 N.C. at 727, 295 S.E.2d at 393 ("[A] judge has an obligation to fully instruct the jury on all substantial and essential features of the case embraced within the issue and arising on the evidence.").

We must now consider whether this amounts to plain error. "[I]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Lawrence*, 365 N.C. at 517, 723 S.E.2d at 333 (citations and quotations omitted).

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty.

*Id.* at ___, 723 S.E.2d at 334 (citations and quotations omitted).

STATE v. COLEMAN

[227 N.C. App. 354 (2013)]

The record reflects that defendant's sole defense to the charges of trafficking in heroin by possession and by transportation was that he did not know the box in his possession contained heroin. Further, evidence in the form of a detective's testimony and an audio recording of defendant's statements denying knowledge that what he possessed was heroin make defendant's knowledge that what he possessed was heroin a question of fact for the jury. The closing arguments before the jury reveal that the most significant issue presented to the jury was whether defendant knew that what he possessed was heroin.[6] Indeed, the closing arguments by both the prosecution and defense were in apparent agreement that this was the most contested issue; and, to quote the prosecution, "This is really what you are here to decide."

Following the arguments of counsel, the trial court gave the following jury instruction:

> For you to find the Defendant guilty of trafficking in heroin by possession, the State must prove to you two things beyond a reasonable doubt:
>
> First, that the Defendant knowingly possessed heroin, which is a controlled substance.
>
> A person possesses a controlled substance, such as heroin, if that person is aware of its presence and has both the power and the intent to control the disposition or use of that substance.
>
> Second, that the amount of the heroin which the Defendant possessed was more than 28 grams.
>
> . . .
>
> The Defendant has also been charged with trafficking in heroin by transportation, which is unlawfully transporting more than 28 grams of heroin. For you to find the Defendant guilty of trafficking in heroin by transportation, the State must prove two things beyond a reasonable doubt:
>
> First, that the Defendant knowingly transported heroin; and,

---

6. During closing arguments, the prosecutor contended, "You heard the Detective ask the Defendant why did you suspect that it was heroin and the Defendant said, 'I wasn't sure. The way it shook and rattled.' . . . Even if he suspected it to be heroin, ladies and gentlemen, that is enough." [T. Vol. 3, 582-84].

Second, that the amount of heroin which the Defendant transported was 28 grams or more.

The trial court failed to give the additional instruction that the jury must determine beyond a reasonable doubt that "defendant knew that what he possessed was [heroin][,]" N.C.P.I.—Crim. 260.17 n.4, and that "defendant knew what he transported was [heroin][,]" N.C.P.I.—Crim. 260.30 n.4.

This Court found prejudicial error where a defendant testified that he had no knowledge of the contents of a package he was paid to receive and the trial court failed to instruct the jury that it must determine whether the defendant knew what he possessed was heroin. *See State v. Lopez*, 176 N.C. App. 538, 626 S.E.2d 736 (2006) (While defendant Lopez was granted a new trial, no error was found in the conviction of co-defendant Sanchez who presented no evidence that he was unaware of the heroin contained in the package received.).

The facts in the instant case fall between the facts as to the defendant Lopez, who not only testified that he was unaware the package he possessed contained heroin but properly requested an instruction based on footnote 4, and the defendant Sanchez, who neither contended that he lacked knowledge of what it was that he possessed nor requested the additional instruction. *Id.*

In *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984), *superceded by statute on separate issue as recognized in State v. Oakes*, ___ N.C. ___, 732 S.E.2d 571 (2012); *State v. Elliott*, 232 N.C. 377, 61 S.E.2d 93 (1950); and *State v. Stacy*, 19 N.C. App. 35, 197 S.E.2d 881 (1973)), cases upon which the *Lopez* Court relied in reaching its decision to order a new trial for the defendant Lopez, the defendant in each case testified to a lack of knowledge of the contraband. In doing so they offered direct evidence in support of their contention as to lack of knowledge and thereby raised a determinative issue of fact.

In the instant case, while defendant did not testify to a lack of knowledge, his entire defense was predicated upon a lack of knowledge that the substance he possessed was heroin. And while defendant did not personally testify to a lack of knowledge, whether defendant had the requisite knowledge was indeed the only controverted issue at trial. Further, as stated earlier herein, substantive evidence that defendant did not know that the substance he possessed was heroin was sufficient to amount to a contention that would trigger the necessity to give the required additional instruction on guilty knowledge contained within footnote 4.

We are mindful that it is (and always should be) the rare case in which a defendant on plain error review is able to show that an unpreserved instructional error such as the one at issue here would justify reversal. However, as our Supreme Court has recently reminded us in *State v. Lawrence*, in conducting plain error review we examine the entire record in determining whether the error "had a probable impact on the jury's finding that the defendant was guilty." 365 N.C. 506, 517, 723 S.E.2d 326, 333 (2012) (citation omitted). In many cases, including *Lawrence*, an examination of the entire record reveals overwhelming and uncontroverted evidence of guilt such that a defendant is unable to show the probability of a different outcome. In the instant case, the only controverted issue was defendant's knowledge that what he possessed was heroin. None of the other facts were controverted. Therefore, this case falls within the rare category of cases in which, based on plain error review the trial court's failure to give an additional instruction regarding the only controverted issue at trial – guilty knowledge – had a probable impact on the jury verdict.

Further, a portion of the State's closing argument – "[e]ven if [defendant] suspected it to be heroin, ladies and gentlemen, that is enough" – is a misstatement of law as applied to this case. Therefore, the negative effect of the trial court's failure to give the additional instruction is emphasized.

Certainly the evidence presented and arguments of counsel put the jury on notice that a critical issue in this case was whether defendant knew that what he possessed was heroin; however, the trial court's failure to instruct the jury that in order to find defendant guilty it must find that he knew what he possessed was heroin, when viewed after examining the whole record meets the standard for plain error. Accordingly, we reverse defendant's convictions and remand this matter for a new trial.

Reversed and remanded.

Judges ELMORE and ERVIN concur.