NO. COA13-635

NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

    v.

NAMATH PHILIP BEAM

Rowan County
Nos. 11 CRS 52332, 12 CRS 4115


Appeal by Defendant from judgment entered 28 September 2012 by Judge W. David Lee in Superior Court, Rowan County. Heard in the Court of Appeals 10 December 2013.

> *Attorney General Roy Cooper, by Associate Attorney General Laura Askins, for the State.*
>
> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for Defendant.*

McGEE, Judge.

A jury found Nathan Philip Beam ("Defendant") guilty on 28 September 2012 of possession of heroin and trafficking in opium or heroin by transportation. The actions leading to Defendant's convictions began on 13 April 2011, when the Rowan County Sheriff's Department and other law enforcement agencies entered the home of Joshua Sprinkle ("Sprinkle") pursuant to a search warrant obtained on information that Sprinkle had been dealing illegal narcotics from his residence. In an effort to improve his legal position,

Sprinkle agreed to cooperate with authorities by disclosing his heroin source, and by agreeing to set up a delivery with that source. Sprinkle told officers that he had been obtaining heroin from a "Mexican" named "Daniel" who was always driven to Sprinkle's house by the same white man.

At trial, Sprinkle identified "Daniel" from a photograph as Daniel Ponce ("Ponce"). Sprinkle also identified Defendant as the man who always drove Ponce to Sprinkle's house for the transactions. Sprinkle called Ponce on 13 April 2011, and arranged for a delivery of heroin. Later that day, a truck, driven by Defendant and containing Ponce as a passenger, backed into the driveway to Sprinkle's house. Officers approached the truck, and Ponce, sitting in the passenger seat, dropped two bags that he had in his hands onto the floorboard of the truck. The bags were later determined to contain heroin, and a total of 20.2 grams of heroin were recovered from the truck Defendant was driving on 13 April 2011.

Defendant was arrested and charged with multiple drug-related offenses. The jury found Defendant guilty of possession of heroin and trafficking in opium or heroin by transportation on 28 September 2012. Defendant was sentenced to an active sentence of 90-117 months. Defendant appeals.

I.

In Defendant's first argument he contends that the trial court erred in denying one of Defendant's requested instructions to the jury. We disagree.

Specifically, Defendant argues the trial court should have instructed the jury in accordance with a footnote in the pattern jury instructions that, in order to convict Defendant, the State had to prove that Defendant "knew what he transported was [heroin]." In *State v. Coleman*, this Court addressed that footnote:

> Footnote 4 of pattern instructions – criminal 260.17 and 260.30 advises the trial judge to further instruct the jury where defendant contends he did not know the identity of the substance. Footnote 4 of pattern instruction – criminal 260.17 reads, as follows: "If the defendant *contends* that he did not know the true identity of what he possessed, add this language to the first sentence: 'and the defendant knew that what he possessed was [heroin].'" N.C.P.I.—Crim. 260.17 n.4 (emphasis added). Therefore, if given as proposed by defendant, the first sentence of pattern instruction-Crim. 260.17 would read as follows: "First, that defendant knowingly possessed heroin and defendant knew that what he possessed was heroin." N.C.P.I.—Crim. 260.17 n.4.

*State v. Coleman*, __ N.C. App. __, __, 742 S.E.2d 346, 349 (2013). In *Coleman*, the "defendant's sole defense to the charges of trafficking in heroin by possession and by transportation was that he did not know the box in his possession contained heroin." *Id.* at __, 742 S.E.2d at 350. Recorded statements of the defendant

were played at the trial in *Coleman*, where the defendant stated multiple times "that when he was in possession of the box, he believed that it contained only marijuana and cocaine[,]" and not heroin. *Id*. at __, 742 S.E.2d at 349. Because the defendant's sole defense was that he believed the box he was carrying only contained marijuana and cocaine, and that he did not know it also contained heroin, this Court held that the trial court erred in failing to give the additional instruction concerning the defendant's knowledge of the type of contraband he was carrying. *Id*. at __, 742 S.E.2d at 352.

The present case is distinguishable from *Coleman*. The additional instruction in *Coleman* was clearly required so that the jury would not mistakenly convict the defendant of knowingly possessing heroin if they believed his defense that he only knew about the marijuana and cocaine, and had no knowledge that heroin was contained in the box as well.[1] In the case before us, Defendant presented no evidence or argument that he was confused as to the correct identity of the illegal drugs carried by Ponce. Defendant's argument at trial was that he was just driving Ponce, and had no knowledge that Ponce was carrying any illegal drugs whatsoever. Concerning the possession charge, the jury was

---

[1] It is unclear in *Coleman* whether there was any cocaine in the box, or if the defendant was arguing that he believed one of the substances was cocaine when in fact it was heroin.

instructed that the State had to prove beyond a reasonable doubt that Defendant,

> acting either by himself or acting together with another person or persons, knowingly possessed opium, including heroin or any mixture containing opium or heroin, and that the amount which he possessed was 14 grams or more or less than 28 grams, it would be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

Similarly, the instruction of trafficking required the jury to determine beyond a reasonable doubt that Defendant knowingly transported heroin, or some other form of opium. The jury clearly did not believe Defendant's argument that he did not know Ponce was carrying heroin. Because Defendant did not present any evidence that he was confused or mistaken about the nature of the illegal drug Ponce was carrying, we hold that the additional instruction Defendant requested was not required. The trial court did not err in denying Defendant's requested instruction.

## II.

In Defendant's second argument, he contends the trial court committed plain error in allowing irrelevant and prejudicial testimony at trial. We disagree.

Sprinkle testified that Defendant drove Ponce to Sprinkle's residence on twenty to twenty-five occasions in the month and a half leading up to Defendant's arrest, and that Ponce was

delivering heroin on each of those occasions. The following colloquy occurred between the State and Sprinkle:

Q. I believe it was your prior testimony that every time [Ponce] came to your house, somebody else was driving.

A. Yes, sir.

Q. Who was driving on the other occasions that Mr. Ponce came to your house?

A. On every occasion? On every single occasion he come up?

Q. Yes.

A. Mr. Namath Beam [Defendant].

Q. Okay. On the other occasions when [Defendant] would drive, how would he pull into the driveway there?

A. He would pull past the driveway and then back up.

Q. And was this on every occasion including the ones where you actually conducted the transaction in the driveway?

A. Yes, sir, it is.

The trial court instructed the jury that it should limit its consideration of this testimony to issues concerning Defendant's "motive, opportunity, and plan or . . . lack of mistake with regard to the crimes charged in this case."

Later in the trial, Chief Deputy David C. Ramsey ("Chief Deputy Ramsey") of the Rowan County Sheriff's Office testified that "Sprinkle said that his dealings were directly with [Ponce]

but that the white guy had been in the vehicle and the deal was done in his presence." Defendant did not object to this testimony at trial, but argues on appeal that "it was plain error for the trial court not to strike from the record the above testimony and provide a curative instruction[.]" Following the close of all the evidence, the trial court instructed the jury, including giving the following instruction:

> As I indicated to you earlier, ladies and gentlemen, at the time the evidence was received tending to show that on earlier occasions the defendant drove a vehicle occupied by another passenger to the residence of the witness, Joshua Sprinkle, and that on those occasions the passenger exchanged controlled substances with the witness for cash money, you recall my earlier instruction that that evidence was received solely for the purpose of showing that the defendant had a motive for the commission of the crimes charged in this case, that there existed in the mind of the defendant a plan, scheme, system, or design involving the crimes charged in this case, that the defendant had the opportunity to commit the crimes, and the absence of mistake with respect to the commission of the crimes charged in this case. As I previously instructed you, if you believe this evidence, you may consider it, but only for the limited purposes for which it was received. You may not consider it for any other purpose.

Assuming, *arguendo*, that it was improper for Chief Deputy Ramsey to give the above testimony, when considered in light of the limiting instruction and the other evidence presented at trial,

we hold any error did not rise to the level of plain error.  This argument is without merit.

### III.

In Defendant's final argument, he requests that this Court "examine the sealed records and order a new trial if the records contain relevant, discoverable, impeaching, and/or exculpatory evidence."  We find no error.

We have examined the contents of the sealed envelope.  We hold that there is nothing contained in the envelope that would warrant granting Defendant a new trial, or any other relief.

No error.

Judges HUNTER, Robert C. and ELMORE concur.