An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1318
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014


STATE OF NORTH CAROLINA


    v.                                   Mecklenburg County
                                     No. 12CRS213245, 12CRS213246

JOSE GUSTAVO GALAVIZ-TORRES
    Defendant


Appeal by Defendant from judgments entered 24 May 2013 by Judge Hugh B. Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 20 March 2014.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Joseph L. Hyde, for the State.*

> *Glenn Gerding, for Defendant-appellant.*


DILLON, Judge.


Jose Gustavo Galaviz-Torres ("Defendant") appeals from convictions for one count of trafficking in cocaine by possession, one count of trafficking in cocaine by transportation, and one count of possession with intent to sell or deliver cocaine. Because we are compelled by our decision in *State v. Coleman*, __ N.C. App. __, 742 S.E.2d 346, *disc. review*

*denied*, __ N.C. __, 752 S.E.2d 466 (2013) to conclude that the trial court committed plain error by failing to give a jury instruction regarding Defendant's guilty knowledge on each charge, we reverse the Defendant's convictions and remand for a new trial.

On 2 April 2012, Defendant was indicted for trafficking cocaine by possession, trafficking cocaine by transportation, and possession with intent to sell or deliver cocaine. Defendant was tried on these charges at the 20 May 2013 Criminal Session of Mecklenburg County Superior Court. The State's evidence tended to show that Charlotte-Mecklenburg Police Department and the Drug Enforcement Agency ("police investigators") began jointly investigating Defendant based on information from a confidential informant that he was trafficking cocaine. On the afternoon of 26 March 2012, Defendant arrived at a Taco Bell parking lot in a van to participate in a drug sale with the informant. As a result of this meeting, Defendant was immediately arrested. Incident to the arrest, the police investigators searched the van that Defendant had driven to the location and found a gift bag next to the driver's seat containing what was later determined to be over 1 kilogram of cocaine. After receiving his Miranda rights,

Defendant told police investigators that he was transporting the cocaine for someone else and that he had been paid for transporting cocaine in the past.

Defendant, however, testified that he was at the Taco Bell delivering ladders for a man he had performed construction work for in the past; that he had borrowed the van to make the delivery; that he was not aware that there was cocaine in the van; and that the cocaine did not belong to him. Also, Defendant denied making any statements to police investigators that he had been transporting cocaine on the day in question or that he had been paid in the past to transport cocaine.

On 24 May 2013, a jury found Defendant guilty of all three charges. The trial court consolidated the possession and the trafficking by possession convictions and ordered Defendant to a term of 175 to 222 months of imprisonment. On the conviction for trafficking by transportation, the trial court sentenced Defendant to a consecutive term of 175 to 222 months of imprisonment. The trial court also fined Defendant $250,000 for each judgment. Defendant gave oral notice of appeal at trial.

_____

Defendant raises only one issue on appeal. Specifically, Defendant argues that the trial court committed plain error by

failing to instruct the jury that it had to find beyond a reasonable doubt that he *knew* what he possessed and transported was cocaine. The record shows that Defendant failed to object to the exclusion of a jury instruction regarding his guilty knowledge. When a defendant fails to preserve an instructional error at trial for appellate review, our Court may nonetheless review for plain error. *See State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983); N.C.R. App. P. 10(a)(4). Our Supreme Court has stated that "[i]n order to prevail under a plain error analysis, Defendant must establish not only that the trial court committed error, but that absent the error, the jury probably would have reached a different result." *State v. Steen*, 352 N.C. 227, 269, 536 S.E.2d 1, 25-26 (2000) (citation and quotation marks omitted), *cert. denied*, 531 U.S. 1167, 148 L. Ed. 2d 997 (2001).

In the present case, each of the three crimes for which Defendant was convicted contains an element requiring Defendant to have knowledge that what he was possessing or transporting was cocaine. Our Supreme Court has held that "[f]elonious possession of a controlled substance has two essential elements. The substance must be possessed and the substance must be **knowingly** possessed." *State v. Weldon*, 314 N.C. 401, 403, 333

S.E.2d 701, 702-03 (1985) (holding that "a defendant must be aware of the presence of an illegal drug if he is to be convicted of possessing it") (emphasis added).  Likewise, to establish trafficking by possession or by transportation, the State must show that the defendant **knowingly** possessed or transported, respectively, the requisite amount of cocaine. *State v. Baldwin*, 161 N.C. App. 382, 391, 588 S.E.2d 497, 504 (2003).

At trial, Defendant's sole defense was essentially based on his testimony that he did not know there was cocaine in the van he was driving.  We have held that where the "evidence *when viewed in the light most favorable to the defendant* discloses facts which are legally sufficient to constitute a defense to the charged crime, the trial court must instruct the jury on the defense." *State v. Everett*, 163 N.C. App. 95, 100, 592 S.E.2d 582, 586 (2004) (citation and quotation marks omitted) (emphasis added).  Our Supreme Court has held that "when the defendant introduces evidence of lack of guilty knowledge the court must charge on it." *State v. Nobles*, 329 N.C. 239, 244, 404 S.E.2d 668, 671 (1991).

Defendant's argument is in reference to pattern jury instructions N.C.P.I. Criminal 260.15, 260.17, and 260.30 which

correspond with each of his three convictions. The instruction for each crime contains a requirement that the jury find, beyond a reasonable doubt, that the defendant "knowingly possessed" or "knowingly transported" cocaine. Each instruction also contains a footnote which essentially requires the trial court give an additional instruction in situations where a defendant contends he did not know the true identity of what he possessed; namely, an instruction that the jury must also find that the defendant knew that it was cocaine that he was possessing or transporting. Each footnote cites our Supreme Court's decision in *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984) as the authority requiring this additional instruction.

In *Boone*, the defendant was convicted of possessing marijuana when he was driving a car that had a duffel bag containing the drug in his trunk. *Id.* at 285-86, 311 S.E.2d at 554. The defendant, however, claimed that a friend had asked him to transport the bag; that he knew the bag was in his car; but that he did not know that there was marijuana in the bag. *Id.* at 294, 311 S.E.2d at 559. While reviewing *State v. Elliott*, 232 N.C. 377, 61 S.E.2d 93 (1950), the Court noted that for general intent crimes intent or knowledge is presumed in committing the act, unless the defendant pleads lack of

knowledge, making intent or knowledge a determinative issue of fact and an element of the crime. *Id.* at 292, 311 S.E.2d at 558. The Supreme Court affirmed this Court's awarding of the defendant a new trial because the pattern instruction in use at that time allowed the jury to convict if it found that the defendant "knew *or had reason to know*" that what he possessed was the illegal drug. *Id.* at 294, 311 S.E.2d at 559 (emphasis added). The Court held that this instruction was inappropriate where the defendant being charged with the general intent crime of possession of marijuana put at issue whether he knew that what he was in possession of was, in fact, an illegal drug. *Id.*

In the present case, the State argues that the additional instruction in the footnote is not required under *Boone* because, unlike the instruction in *Boone* which allowed a jury to convict even if it found that the defendant did not have guilty knowledge but merely had "reason to know" that he possessed an illegal drug, the pattern instruction used here states that the jury must find that Defendant "knowingly possessed" cocaine or "knowingly transported" cocaine. In other words, the State argues that the additional instruction in the footnote is not mandated by *Boone* because the language in the body of the

instruction used in the present case already requires the jury find that Defendant possessed "guilty knowledge."

We recently addressed this same issue in *State v. Coleman*, ___ N.C. App. ___, 742 S.E.2d 346, *disc. review denied*, ___ N.C. ___, 752 S.E.2d 466-67 (2013). In *Coleman*, the defendant was tried and convicted on charges of trafficking in heroin by possession and trafficking in heroin by transportation. ___ N.C. App. at ___, 742 S.E.2d at 347. Some of the evidence tended to show that the defendant was carrying a box which he thought contained only marijuana and cocaine, but that he did not know that the box also contained heroine. *Id.* at ___, 742 S.E.2d at 349. At trial, the trial court instructed the jury, in pertinent part, that it must find that the defendant "knowingly possessed heroin" and that the defendant "knowingly transported heroin[,]" as stated in N.C.P.I. Crim. 260.17 and N.C.P.I. Crim. 260.30, respectively; however, the defendant failed to request the additional footnote jury instructions. On appeal, the defendant contended that the trial court's failure "to instruct the jury in accordance with the pattern jury instructions regarding circumstances where a defendant contends he did not know the true identity of what he possessed" amounted to plain error. *Id.* at ___, 742 S.E.2d at 349, 351. This Court, after

noting the nearly identical instructions in footnote 4 of either N.C.P.I. Crim. 260.17 or N.C.P.I. Crim. 260.30, explained that

> Footnote 4 of pattern instructions - criminal 260.17 and 260.30 advises the trial judge to further instruct the jury where defendant contends he did not know the identity of the substance. . . . Therefore, if given as proposed by defendant, the first sentence of pattern instruction-Crim. 260.17 would read as follows: "First, that defendant knowingly possessed heroin and defendant knew that what he possessed was heroin." N.C.P.I.—Crim. 260.17 n.4.

*Id.* at ___, 742 S.E.2d at 349. The Court further stated that "[i]f given as proposed by defendant, the first sentence of pattern instruction - Crim. 260.30 would read as follows: 'First, that defendant knowingly transported heroin and defendant knew what he transported was heroin.' N.C.P.I.—Crim. 260.30 n.4." *Id.* at ___, 742 S.E.2d at 349, 349 n.4. The Court held that the trial court's failure to give the additional instructions in the footnotes was error. *Id.* at ___, 742 S.E.2d at 350. In making its determination as to whether this error amounted to plain error, the *Coleman* Court explained that

> [t]he record reflects that defendant's sole defense to the charges of trafficking in heroin by possession and by transportation was that he did not know the box in his possession contained heroin . . . [and that the defendant's guilty knowledge was] a question of fact for the jury. The closing arguments before the jury reveal that the

> most significant issue presented to the jury was whether defendant knew that what he possessed was heroin.

*Id.* After acknowledging that it is a rare case in which a defendant on plain error review can show that an unpreserved instruction error would merit reversal, this Court held that the trial court's errors amounted to plain error and awarded a new trial even assuming *arguendo* that the "entire record reveals overwhelming and uncontroverted evidence of guilt" because "the trial court's failure to give an additional instruction regarding the only controverted issue at trial - guilty knowledge - had a probable impact on the jury verdict." *Id.* at ___, 742 S.E.2d at 351-52.

Here, the record shows that the trial court instructed the jury as to the first element of each charge pursuant to N.C.P.I Criminal 260.15, 260.17, and 260.30 but did not include any of the footnotes, as stated above. Like the defendant in *Coleman*, Defendant failed to request the additional instructions in the footnotes that he knew what he possessed or transported was cocaine, so we must apply plain error review. *See* N.C.R. App. P. 10(a)(4); *Steen*, 352 N.C. at 269, 536 S.E.2d at 25-26. Also, like the defendant in *Coleman*, the issue of whether Defendant knew that what he possessed was made a determinative issue at

trial. Defendant testified that he did not know the van he was driving contained the bags of cocaine, he did not see the gift bag in the van, and did not know the drugs were in the gift bag. Defendant further testified that he only believed that he was in possession of or transporting the ladders and painting supplies that he saw in the back of the van. Like *Coleman*, "[t]his evidence made it necessary for the trial court to recognize the evidence as amounting to a contention that defendant did not know the true identity of what he possessed." ___ N.C. App at ___, 742 S.E.2d at 350.[1] However, the trial court in error failed to give the additional instructions in the footnotes of each pattern jury instruction. We are, therefore, compelled by our holding in *Coleman* to conclude that the trial court's failure to give the instructions contained in the footnotes was error.

As to whether this error rises to the level of plain error, we are again compelled by our holding in *Coleman* in which this

---

[1] Even though it is not raised by either party, we note that this Court recently distinguished *Coleman* in *State v. Beam*, holding that the additional instruction in the footnote was not needed because the defendant's knowledge was not at issue. __ N.C. App. __, __, 753 S.E.2d 232, 233 (2014). Unlike Defendant here and the defendant in *Coleman*, the defendant in *Beam* did not testify that he was confused about the identity of something he was in possession of; but rather, he testified that he did not know that the passenger in the vehicle he was driving was in possession of illegal drugs. *Id*.

Court found it to constitute plain error not to give the instructions in the footnote. Like *Coleman*, even though there was "overwhelming evidence" to support Defendant's convictions – *e.g.* the arranged drug deal with the informant and Defendant's admissions to the police investigators at the time of his arrest – Defendant's whole defense at trial was that he was transporting ladders in the van for a job and did not know anything about the cocaine in the van, making the issue of whether or not he knew what he was transporting or possessing "the most significant issue [regarding his defense] presented to the jury[.]" *See Coleman*, ___ N.C. App. at ___, 742 S.E.2d at 350. Contrary to the State's argument, this Court in *Coleman* completely rejected the argument that the instruction "the Defendant knowingly [possessed or transported]" was sufficient when the defendant raised the issue of whether he was aware of the nature of what he was transporting or possessing. Accordingly, based on our holding in *Coleman*, we reverse the convictions against Defendant and order that he be given a new trial.

NEW TRIAL.

Judge STROUD and Judge HUNTER, JR. concur.

Report Per Rule 30(e).