An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-23

Filed 17 December 2025

Mecklenburg County, Nos. 21CR211322-590, 21CR211323-590

STATE OF NORTH CAROLINA

v.

CHRISTOPHER DOBBINS, Defendant.

Appeal by Defendant from judgment entered 13 December 2023 by Judge Matthew Osman in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Lindsay Vance Smith, for the State.*
>
> *Stephen G. Driggers for Defendant.*

GRIFFIN, Judge.

Defendant Christopher Dobbins appeals from the trial court's judgment entered after a jury found him guilty of trafficking cocaine by possession and trafficking cocaine by transportation. Defendant argues the trial court erred by giving conflicting jury instructions. We hold the trial court did not give conflicting instructions and there was no plain error.

## I.  Factual and Procedural Background

On 13 April 2021, Charlotte-Mecklenburg Police Department's Detective Christopher Newman received a tip from a San Diego-based DEA Agent that a suspicious FedEx package containing illegal narcotics may arrive in Charlotte. Detective Newman then arranged for Charlotte-Mecklenburg Police Department ("CMPD") officers to survey the package's delivery address beginning at 7:00 a.m. the morning after he received the tip. During the surveillance, the officers noticed two black vehicles circling the area near the delivery address. At about 10:15 a.m., FedEx attempted to deliver a package to the delivery address, but no one answered so the driver left a note on the door. In less than a minute after the driver left the note, Defendant retrieved the notice. Then, Defendant left the premises, got in his car, and drove in the same direction as the FedEx truck. Further down the road, the FedEx truck stopped again, and Defendant pulled in behind the truck. Defendant got out of his vehicle, approached the FedEx truck, and accepted a package from the truck driver. Defendant then drove away.

CMPD continued to follow Defendant and, shortly after, stopped him for a window tint violation. When Officer John Frison asked Defendant for his license and registration, the officer noticed the smell of marijuana from inside the car. Detective Newman arrived at the scene a few minutes later with his narcotics-trained K-9 dog. The dog was deployed and indicated the presence of illegal narcotics twice. Although Defendant explained the marijuana scent was from CBD, Detective Newman,

believing the FedEx package contained illegal narcotics, conducted a vehicle search. Defendant tried to flee the scene, but, before he was able to get away, was taken into custody. Detective Newman located the FedEx package during the search of the vehicle. The package contained about five kilograms of cocaine. Defendant denied knowledge of the contents of the package when speaking with Detective Newman.

Defendant was indicted for trafficking by transporting more than 400 grams of cocaine as well as trafficking by possessing more than 400 grams of cocaine. The case was called for trial on 4 December 2023.

Both Defendant and the State had the opportunity to propose jury instructions. The trial court based its instructions on North Carolina's Pattern Jury Instructions ("NCPI") for drug trafficking by possession, NCPI 260.17, and drug trafficking by transportation, NCPI 260.30. The trial court confirmed the instructions for drug trafficking were the pattern instructions with minimal edits by the State. Defendant agreed to the proposed instructions.

On 11 December 2023, the jury returned guilty verdicts for both trafficking cocaine by transportation and trafficking cocaine by possession. Defendant timely appeals.

## II.    Analysis

Defendant argues the jury instructions at his trial were conflicting on a material point between trafficking cocaine by possession and trafficking cocaine by

transportation. The State asserts the issue is not properly preserved for our review. We agree with the State.

## A. Preservation

A party must distinctly state its objection and the objection's grounds to a portion of the jury charge or omission before the jury considers its verdict in order to appeal on that basis, provided that the party had an opportunity to make an objection at least outside of the jury's hearing. N.C. R. App. P. 10(a)(2). Nevertheless, a request for a jury instruction at the charge conference warrants an appellate court's full review where the requested instruction was promised but not given, despite a lack of objection. *See State v. Ross*, 322 N.C. 261, 265, 367 S.E.2d 889, 891 (1988). Besides such an instance, an unpreserved issue, which was neither noted at trial by objection nor deemed preserved by rule or law, is reviewed for plain error on appeal. N.C. R. App. P. 10(a)(4); *State v. Gillard,* 386 N.C. 797, 847, 909 S.E.2d 226, 267–68 (2024) (citation omitted). Thus, this Court reviews unpreserved instructional errors for plain error. *State v. Gregory*, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996) (citations omitted); *State v. Lawrence*, 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012); N.C. R. App. P. 10(a)(4).

In *State v. Gillard*, the defendant pointed out the trial court failed to repeat underlying elements in the jury instructions, and, although the defendant did not object, argued the alleged instructional omission was preserved because pattern instructions were "promised." 386 N.C. at 846–47, 909 S.E.2d at 267. In that case,

the trial court let both parties know that it was going to use pattern instructions. *Id.* at 847, 909 S.E.2d at 267. Both parties were shown the trial court's proposed instructions containing the specific language. *Id.* The State's only changes to the instructions were clerical, not substantive. *Id.* The defendant did not propose new instructions and failed to object to them at the end of the charge conference. *Id.* Consequently, our Supreme Court held there was no requested instruction that was promised by the trial court but not given, and the error was then reviewed for plain error. *Id.* at 847, 909 S.E.2d at 267–68.

Here, the trial court explained to both parties it was going to use the drug trafficking instructions that the State submitted which were based on pattern jury instructions with "various parenthetical and other changes." The jury instructions given at the charge conference were the same given to the jury. Both parties had the opportunity to look over the instructions before they were submitted to the jury and to analyze the specific language. Defendant did not object to the trial court's jury instructions, and in fact agreed to the instructions. Defendant was not promised a certain instruction that he did not receive. Therefore, the jury instruction issue is not preserved, and we review only for plain error as Defendant specifically requests.

## B. Conflicting Instructions

Defendant contends conflicting jury instructions amounted to plain error.

On appeal, a defendant must "'specifically and distinctly'" argue the alleged error amounted to plain error. *Lawrence*, 365 N.C. at 516, 723 S.E.2d at 333 (citation

omitted). "[P]lain error review should be used sparingly, only in exceptional circumstances, to reverse criminal convictions on the basis of unpreserved error." *Id.* at 517, 723 S.E.2d at 333. To establish plain error, a defendant must demonstrate the trial court's error was fundamental by showing the error had a probable impact on the trial outcome. *Id.* at 518, 723 S.E.2d at 334 (citation omitted); *State v. Reber*, 386 N.C. 153, 158, 900 S.E.2d 781, 786 (2024) (citation omitted). Such probable impact on the trial outcome means the jury's verdict probably would have differed but for the error. *Reber*, 386 N.C. at 158, 900 S.E.2d at 786 (citation omitted). Furthermore, a defendant must show such error seriously affects the "'fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 158, 900 S.E.2d at 786 (citation omitted).

In North Carolina courts, pattern jury instructions are encouraged but not required. *State v. Garcell*, 363 N.C. 10, 49, 678 S.E.2d 618, 642 (2009) (citation omitted). Thus, a trial court's deviation from pattern instructions does not automatically mean an error occurred. *State v. Bunch*, 363 N.C. 841, 846, 689 S.E.2d 866, 870 (2010).

A proper instruction is one that "'adequately explains each essential element of an offense.'" *Gillard*, 386 N.C. at 847, 909 S.E.2d at 268 (citation omitted). Additionally, even if the trial court fails to repeat an offense's essential elements, a final instructional mandate is sufficient when the trial court explains the underlying elements of a crime, and it is satisfactorily clear that the jury was not misled or

misinformed when the charge is construed as a whole. *Id.* (citing *State v. McKinnon*, 306 N.C. 288, 300, 293 S.E.2d 118, 126 (1982)).

For the offense of trafficking cocaine by possession, the State needs to show (1) a defendant knowingly possessed cocaine and (2) the amount possessed was more than the statutory threshold amount. *See State v. Wiggins*, 185 N.C. App. 376, 386, 648 S.E.2d 865, 872 (2007) (citation omitted); N.C. Gen. Stat. § 90-95 (2023); *State v. King*, 291 N.C. App. 264, 269, 894 S.E.2d 790, 796 (2023) (citation omitted). For trafficking cocaine by transportation, the State must demonstrate (1) a defendant knowingly transported cocaine and (2) the amount of cocaine transported was more than the threshold amount ascribed by statute. *See State v. Christian*, 288 N.C. App. 50, 57, 884 S.E.2d 492, 499 (2023) (citation omitted); *King*, 291 N.C. App. at 269–70, 894 S.E.2d at 796 (citation omitted); N.C. Gen. Stat. § 90-95. Transportation is "'any real carrying about or movement from one place to another.'" *State v. Outlaw*, 96 N.C. App. 192, 197, 385 S.E.2d 165, 168 (1989) (citation omitted).

In addition, if the record consistently reflects a "contention" of a defendant's knowledge of the identity of the specific drug, the trial court needs to instruct a jury to find a defendant "knew what he possessed or transported was [a given controlled substance] before finding [the] defendant guilty of trafficking . . . by possession or trafficking . . . by transportation." *State v. Coleman*, 227 N.C. App. 354, 360, 742 S.E.2d 346, 350 (2013) (citation omitted). When a defendant raises this argument, NCPI footnote six 260.17 and 260.30 advises to add the phrase: "and the defendant

knew that what the defendant possessed was (name substance)." N.C.P.I. – Crim. 260.17; N.C.P.I. – Crim. 260.30. When a defendant offers admitted substantive evidence in support of his or her lack of knowledge of the drug's identity, a defendant raises a determinative issue of fact that bears directly on a defendant's guilt or innocence. *Coleman*, 227 N.C. App. at 359–60, 742 S.E.2d at 350.

When a trial court incorrectly instructs the jury with a conflicting instruction upon a material point, a new trial is needed because the jury may have relied on the erroneous portion. *State v. Harris*, 289 N.C. 275, 280, 221 S.E.2d 343, 347 (1976); *State v. Voltz*, 255 N.C. App. 149, 156, 804 S.E.2d 760, 765 (2017) (citation omitted). However, if the instructions are not internally contradictory but instead were incomplete at one important point then those "instructions are not conflicting such that a new trial is automatically required." *Voltz*, 255 N.C. App. at 157, 804 S.E.2d at 765 (citation omitted).

Here, Defendant argues the trial court's jury instructions conflicted upon a material point because one of the drug trafficking instructions omitted that Defendant knew what he possessed was cocaine, a phrase recommended in NCPI 260.17 by footnote six. However, the two drug trafficking instructions are not internally contradictory; rather, one is incomplete in its omission of the footnote six phrase in one charge. *Id.* at 156, 804 S.E.2d at 765. The instructions were not inconsistent. The trafficking by possession charge, the one missing footnote six, still included language stating that a "person possesses cocaine if the person is aware of

its presence and has both the power and intent to control the disposition or use of that substance." The phrases are different, but are not contradictory: both instructions still require Defendant to have knowledge of the cocaine.

Defendant further argues the jury's inquiry asking whether it could substitute "narcotics" for "cocaine" from the drug trafficking instructions indicates the jury was confused. Defendant continues by arguing the proposed substitution would have permitted the jury to reach a verdict without confirming that Defendant knew the drug in question was cocaine. However, in response to the jury's question, the trial court judge instructed the jury should use "cocaine," which clarified any alleged conflict. The lack of internally contradictory language and the clarification provided by the trial court judge fall short of amounting to a conflict upon a material point.

Since we held the instructional error unpreserved, Defendant requests plain error review. Even assuming arguendo that the trial court did err, such an error would fail short of plain error.

Here, the trial court explained the offense of trafficking cocaine by possession by instructing the jury that Defendant "knowingly possessed cocaine" and that a "person possesses cocaine if the person is aware of its presence and has both the power and intent to control the disposition of use of that substance." *See Wiggins*, 185 N.C. App. at 386, 648 S.E.2d at 872 (citation omitted); N.C. Gen. Stat. § 90-95. The trial court further instructed that the amount of cocaine possessed by Defendant was 400 grams or more. These instructions adequately explain the elements of trafficking by

possession. *Wiggins*, 185 N.C. App. at 386, 648 S.E.2d at 872 (citation omitted); N.C. Gen. Stat. § 90-95. It is true the trial court did not include the footnote six language that Defendant "knew that what [he] possessed was cocaine" for one of the drug trafficking offenses. However, a trial court's failure to follow pattern instructions does not automatically result in a new trial for Defendant. Rather, we must construe the jury instructions as a whole to ensure the jury was not misled. *Gillard*, 386 N.C. at 847, 909 S.E.2d at 268 (citing *McKinnon*, 306 N.C. at 300, 293 S.E.2d at 126).

Here, like in *Coleman*, Defendant does dispute that he knew what the identity of the drug he possessed was, which in turn "raised a determinative issue of fact." *Coleman*, 227 N.C. App. at 362, 742 S.E.2d at 351. However, unlike *Coleman*, Defendant only disputed this once, and this contention was only one contributing prong of defense counsel's umbrella of arguments. The instant case also differs from *Coleman* because there was not a misstatement of law concerning the degree of Defendant's knowledge of the drug's identity in the closing argument.

Additionally, the jury was indeed instructed with footnote six, albeit just for one of the two charges. Although each drug trafficking offense has unique elements, they both involved the same factual circumstance: there was one package containing cocaine that Defendant retrieved and drove away with in his car. The additional clause "defendant knew that what the defendant possessed was cocaine" appeared for the drug trafficking by transportation offense. While this same clause was left out of the drug trafficking by possession offense, the two offenses involved the same package

of drugs. One could argue that the omission of the clause in one offense and not the other could steer the jury to think each charge's requirements are different; however, here, Defendant was moving, or transporting, the box of cocaine with him when driving his car and had physical possession over the cocaine. Since the jury had to find Defendant knew that Defendant specifically possessed cocaine for trafficking by transportation, the same finding applies to drug trafficking by possession. Both charges relied on the jury finding Defendant possessed the cocaine-filled FedEx package.

Defendant argues the jury's question of whether it could substitute "narcotics" for "cocaine" meant the trial judge erred in instructing the jury. However, Defendant fails to demonstrate how this question indicates that but for the additional footnote language in trafficking by possession the jury would have found Defendant not guilty. In response to the jury's question, the trial court judge instructed that cocaine meant cocaine and minimized the chance that the jury was misled or misinformed. This response clarified what the jury needed to find. There is no additional explanation of how the jury would have come to a different verdict.

Defendant fails to carry his burden to show that the error had a probable impact on the outcome of the trial. Therefore, Defendant cannot show error, much less plain error.

### III. Conclusion

The alleged jury instruction error was not preserved. Furthermore, the

instruction was not conflicting upon a material point.

NO ERROR.

Judges STROUD and COLLINS concur.

Report per Rule 30(e).