STATE v. NOBLES

[329 N.C. 239 (1991)]

STATE OF NORTH CAROLINA v. BRENDA JOYCE NOBLES

No. 342PA90

(Filed 12 June 1991)

1. **Criminal Law § 1133 (NCI4th) — child abduction — aggravating factor — inducement of participation by another**

   The trial court did not err in finding as an aggravating factor for felony child abduction that defendant induced another to participate as an accessory after the fact or in the commission of the offense itself where there was evidence that defendant was eager to get a baby; defendant went to a hospital and took a baby; and defendant carried the baby to a home for which she paid the rent and in which her daughter cared for the baby, telling people it was her mother's child. N.C.G.S. § 15A-1340.4(a)(1)a.

   **Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.**

2. **Criminal Law § 1161 (NCI4th) — child abduction — age of victim as aggravating factor**

   The trial court did not err in finding the age of the one-day-old victim as an aggravating factor for felony child abduction since the victim was more vulnerable than an older child would have been. N.C.G.S. § 15A-1340.4(a)(1)j.

   **Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.**

3. **Criminal Law § 1127 (NCI4th) — child abduction — aggravating factor — child in hospital**

   The trial court did not err in finding as a nonstatutory aggravating factor for felony child abduction that the victim was more vulnerable because he was in a hospital at the time of his abduction.

   **Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.**

4. **Abduction or Enticement § 3 (NCI4th) — child abduction — instruction on guilty knowledge not required**

   The trial court did not err in refusing to give defendant's requested instruction on guilty knowledge in this prosecution

STATE v. NOBLES

[329 N.C. 239 (1991)]

for felony child abduction where defendant did not present any evidence to support a mistake of fact defense but contended only that the evidence would permit an inference that she committed the prohibited act without criminal intent. Even if defendant did not know that her conduct was criminal, she could still be found guilty if she knew she was doing all the acts constituting the elements of the crime.

**Am Jur 2d, Abduction and Kidnapping § 27.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of the decision by the Court of Appeals, 99 N.C. App. 473, 393 S.E.2d 328 (1990), finding no error in the trial but remanding for a new sentencing hearing on a judgment entered by DeRamus, J., at the 27 March 1989 Criminal Session of Superior Court, GUILFORD County. Heard in the Supreme Court 12 March 1991.

The defendant was tried for felony child abduction. N.C.G.S. § 14-41 (1986). The evidence for the State showed that on 19 June 1988 a baby was born in the High Point Memorial Hospital. On 20 June 1988 the baby was in his mother's room when the defendant, who was not an employee of the hospital, entered the room dressed as a nurse and told the mother she had to take the baby to be weighed. The defendant took the baby and left the premises of the hospital.

The defendant took the baby to a mobile home which she rented and which was occupied by her daughter, Sherry Slaydon, and Ms. Slaydon's two month old child. Ms. Slaydon requested of a neighbor that she buy a pacifier. The neighbor bought a pacifier and carried it to the mobile home in which Sherry Slaydon lived. When the neighbor entered the mobile home she saw two babies. Ms. Slaydon told the neighbor that her mother had given birth to one of the babies. Later that day Ms. Slaydon borrowed some scissors, vaseline, and alcohol from the neighbor.

The defendant and Ms. Slaydon then took the baby to a house in which the defendant was living with Zeke Owens. The baby was found in this house by officers of the High Point Police Department on 22 June 1989. When the baby was found his hair had been cut.

The defendant was convicted as charged. Felony child abduction is a Class G felony. The presumptive sentence for this felony

is 4½ years and the maximum sentence is 15 years. N.C.G.S. § 14-1.1 (1986); N.C.G.S. § 15A-1340.4(f)(5) (1988). The court found the following aggravating factors:

1. The Court finds as an aggravating factor that the defendant induced another to participate as an accessory after the fact to the offense, or in the commission of the offense itself.

2. The Court finds that the victim . . . was not just very young, as the statutory aggravating factor reads but was extremely young and because of such extreme youth was vulnerable by reason of physical and mental immaturity, and vulnerable by reason of location in a hospital at a young age, as a temporary residence, rather than a more permanent residence to which the public would not have as great an access, and as part of this finding, the Court is considering the fact that the defendant took advantage of this vulnerability.

3. As an additional finding in aggravation, nonstatutory, the Court finds that the defendant has suffered and continues to suffer from an abnormal mental condition or conditions that makes her significantly more dangerous to others than the great majority of the general public.

The court found five mitigating factors. It found the aggravating factors outweighed the mitigating factors and imposed a prison sentence of twelve years.

The Court of Appeals found no error in the trial but held that the aggravating factors found by the court were not supported by the evidence and were not proper as a matter of law. We granted the State's petition for discretionary review. We also granted the defendant's petition for discretionary review as to an issue in the guilt phase of the trial.

*Lacy H. Thornburg, Attorney General, by Steven F. Bryant, Special Deputy Attorney General, for the State appellant.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Benjamin Sendor and Constance H. Everhart, Assistant Appellate Defenders, for the defendant appellant appellee.*

**STATE v. NOBLES**

[329 N.C. 239 (1991)]

WEBB, Justice.

Appeal by the State

The State's appeal has brought to the Court a question as to whether certain aggravating factors were properly found. We note at the outset that the State petitioned for discretionary review as to only the first two aggravating factors which the Court of Appeals held it was error to find. The State did not petition for a review of the third aggravating factor which the Court of Appeals held was erroneously found. This holding by the Court of Appeals is not disturbed. We shall discuss the other aggravating factors with which the Court of Appeals dealt.

[1] The first aggravating factor found was that defendant induced another as an accessory after the fact or in the commission of the crime. This is a statutory aggravating factor. N.C.G.S. § 15A-1340.4(a)(1)a (1988). There is no dispute that the defendant's daughter was involved at least in concealing the baby after it was taken from the hospital. The defendant contends that this does not support a finding that she induced this participation. The defendant, relying on *State v. Gore*, 68 N.C. App. 305, 314 S.E.2d 300 (1984), and *State v. Setzer*, 61 N.C. App. 500, 301 S.E.2d 107, *disc. rev. denied*, 308 N.C. 680, 304 S.E.2d 760 (1983), argues that evidence that another person participated in the crime is not sufficient evidence that the defendant induced such participation. There is more evidence in this case than the participation of Ms. Slaydon in the crime. The evidence is that the defendant was anxious to get a baby. She went to the hospital and took the baby. She carried the baby to the home on which the defendant paid the rent and in which her daughter was living and her daughter cared for the baby, telling people it was her mother's child. The court could infer from this evidence that the idea for the crime originated with the defendant and she procured Ms. Slaydon's help in executing the crime. This would support the finding of the court. This is a statutory aggravating factor which must be considered by the court in imposing a sentence. *State v. Cameron*, 314 N.C. 516, 335 S.E.2d 9 (1985). We hold it was not error for the superior court to find this aggravating factor and to consider it in imposing the sentence.

[2] The second aggravating factor dealt with the vulnerability of the victim because he was extremely young and because he was in a hospital. The victim's being very young is a statutory

aggravating factor. N.C.G.S. § 15A-1340.4(a)(1)j (1988). To find age as an aggravating factor there must be evidence that the victim was vulnerable because of his age. *State v. Barts*, 316 N.C. 666, 343 S.E.2d 828 (1986); *State v. Ahearn*, 307 N.C. 584, 300 S.E.2d 689 (1983); *State v. Eason*, 67 N.C. App. 460, 313 S.E.2d 221, *aff'd*, 312 N.C. 320, 321 S.E.2d 881 (1984). We have said that in "cases . . . involving victims near the beginning or end of the age spectrum, the prosecution may establish vulnerability merely by relating the victim's age and the crime committed." *State v. Hines*, 314 N.C. 522, 526, 335 S.E.2d 6, 8 (1985). The victim could not have been much younger than was the victim in this case. He was more vulnerable than a child a few years older would have been.

The defendant argues that the age factor was not properly found because, although the victim was more vulnerable in this case than an older child would have been, this was not the reason the defendant abducted the child. The abduction, she says, was not caused by the child's vulnerability. It is not the cause of the taking which supports the aggravating factor. Whatever the motive, if the victim is more vulnerable because of age, this aggravates the crime.

[3] The court also found as an aggravating factor that the victim was more vulnerable because he was in a hospital at the time of his abduction. This is a nonstatutory aggravating factor. The defendant argues that to hold this is a proper aggravating factor would mean that every time an offense is committed against a person who is not in the safety of his home this aggravating factor could be found. The court may consider any aggravating factor that is proved by a preponderance of the evidence, and is reasonably related to the purposes of sentencing. N.C.G.S. § 15A-1340.4(a) (1988). Factors that increase the offender's culpability are related to the purposes of sentencing. N.C.G.S. § 15A-1340.4 (1978). *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983).

We hold that the increased vulnerability of the victim because of his being in a hospital makes this a proper aggravating factor. A person should be able to enter a hospital without feeling he has to be on guard against wrongdoers. In this case it was particularly egregious that the defendant disguised herself as a nurse and used this disguise to abduct the baby. The mother of the child had a right to rely on a person dressed as a nurse. This made the victim more vulnerable than he ordinarily would have

been and makes it a worse crime than if it had occurred under other circumstances. It is not only that the victim was away from the safety of his home that makes this a properly found aggravating factor.

## The Defendant's Appeal

[4] The defendant has appealed, assigning error to the court's failure to charge the jury, as requested by the defendant, that in order to convict the defendant, the jury must find that she abducted the victim, knowing it was not her child. There is a common law principle that the existence of guilty knowledge on the part of the defendant is essential to criminality although it is not required by the statute in express terms. *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984); *State v. Welch*, 232 N.C. 77, 59 S.E.2d 199 (1950). The General Assembly may dispense with this requirement. *Poultry Co. v. Thomas*, 289 N.C. 7, 220 S.E.2d 536 (1975). The Court of Appeals applied this principle in *State v. Walker*, 35 N.C. App. 182, 241 S.E.2d 89 (1978), by granting a new trial in a child abduction case for failure of the court to charge that the jury should find the defendant not guilty if it should find the defendant mistakenly believed the child he took was his grandchild.

When specific intent is not an element of the crime, the court does not ordinarily have to charge on guilty knowledge. However, when the defendant introduces evidence of lack of guilty knowledge the court must charge on it. *State v. Elliott*, 232 N.C. 377, 61 S.E.2d 93 (1950).

The defendant concedes that she did not present any evidence to support a mistake of fact defense but she says "the inference that she committed the prohibited act without criminal intent plainly was raised by the evidence." This is not enough evidence to require a charge on guilty knowledge. If the defendant did not know that her conduct was criminal she still may be found guilty if she knew she was doing all the acts that constituted the elements of the crime. This assignment of error is overruled.

For the reasons stated in this opinion we affirm the holding of the Court of Appeals and remand to the Court of Appeals for remand to the Superior Court of Guilford County for further proceedings consistent with this opinion.

Affirmed.