STATE OF NORTH CAROLINA v. WILLIAM MICHAEL DOWNING, DEFENDANT

No. COA04-928

(Filed 19 April 2005)

**Search and Seizure— investigatory stop—drugs—motion to suppress—pat down**

The trial court did not err in a trafficking in cocaine by possession and transportation case by denying defendant's motion to suppress evidence obtained from the search of his motor vehicle, because: (1) officers had a reasonable articulable suspicion that defendant was involved in illegal activity at the time they made the investigatory vehicle stop; (2) the police lawfully stopped a vehicle fitting a description given by a reliable confidential informant, lawfully entered and moved the vehicle with defendant's consent, and smelled cocaine upon entering the vehicle; (3) an officer does not need to obtain a warrant or have probable

cause to enter a vehicle if the owner of the vehicle gives consent; (4) a search warrant is not required before a lawful search based on probable cause of a motor vehicle in a public roadway or in a public vehicular area may take place; (5) plain smell of drugs by an officer is evidence to conclude there is probable cause for a search; and (6) although defendant contends the pat down of his person violated his constitutional rights, this argument is irrelevant when neither the pat down nor the evidence of marijuana found on defendant's person factored into the legality of the vehicular stop, entry and movement of the vehicle, and search of the vehicle leading to the cocaine charges.

Appeal by Defendant from judgment entered 18 February 2004 by Judge Cy Anthony Grant, Sr. in Superior Court, Dare County. Heard in the Court of Appeals 22 March 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Rudy Renfer, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Terri W. Sharp, for defendant-appellant.*

WYNN, Judge.

Under North Carolina law, a search warrant is not required to conduct a lawful search based on probable cause of a motor vehicle in a public roadway or in a public vehicular area. *State v. Isleib,* 319 N.C. 634, 638, 356 S.E.2d 573, 576 (1987). In this case, the record shows that the police lawfully stopped a vehicle fitting a description given by a reliable confidential informant, lawfully entered and moved the vehicle with Defendant's consent, and smelled cocaine upon entering and moving the vehicle. Because we hold that these facts show that probable cause existed to search the vehicle, we affirm the order of the trial court denying Defendant's motion to suppress evidence obtained from the search.

At trial, Defendant pled no contest to the charges of trafficking cocaine by possession and trafficking in cocaine by transporation. This appeal arises from his reservation of the right to appeal from the denial of his motion to suppress evidence obtained by police officers from the search of his vehicle.

The evidence at the motion to suppress hearing tended to show the following: On 1 March 2003, Sergeant Norman Johnson, supervisor of the Dare County narcotics unit, received a phone call from a

confidential informant concerning Defendant William Downing. The confidential informant had previously provided reliable information in three other narcotics-related cases; Sergeant Johnson had spoken with the informant several times before; Sergeant Johnson had corroborated the informant's prior information, and each time it proved accurate; and the confidential informant was not receiving any compensation for this information.

In December 2002, the confidential informant told Sergeant Johnson that Defendant and another man, Jamie, were picking up cocaine from the Petersburg/Richmond, Virginia area and bringing it to Dare County. Investigator Kevin Duprey, a member of the Dare County narcotics unit, had an open narcotics investigation concerning Jamie and his residence on Loblolly Court. On a previous occasion, the informant told Sergeant Johnson that he had seen Defendant bring cocaine and marijuana to Jamie's house on Loblolly Court.

Before 1 March 2003, Sergeant Johnson had observed a white Ford Aerostar van at Defendant's residence in Kill Devil Hills, North Carolina. After running the license plate number, Sergeant Johnson learned the van was registered to Defendant. The informant also gave a physical description of Defendant that matched his photograph from the Department of Motor Vehicles.

On 1 March 2003 at around 4:30 p.m., the informant called Sergeant Johnson and informed him that he had been in the Loblolly Court residence earlier that day and overheard a conversation between Defendant and Jamie. The informant stated that Defendant was leaving for the Petersburg/Richmond, Virginia area at approximately 3:00 p.m. that day to pick up cocaine and would be returning to Dare County at approximately 8:00 p.m. The informant stated that Defendant would be alone, driving a white Ford Aerostar van.

Investigator Duprey drove by Defendant's residence and observed that the white Ford Aerostar van was not parked at the residence. Sergeant Johnson knew the direct route of travel from Peterburg/Richmond to Dare County would be to cross the Currituck Sound using Highway 158. At approximately 6:30 p.m., Sergeant Johnson and Investigator Duprey sat in a vehicle on the side of Highway 158 just as the highway comes off the Currituck Sound Bridge into Dare County. About two hours later, a white Ford Aerostar van passed the officers' location heading south into Dare County on Highway 158. The officers pulled behind the van and confirmed that the license plate number on the van matched that of the

vehicle registered to Defendant. It appeared to the officers that there was only one person in the van.

The officers activated their blue lights, and the van pulled into the main two-lane entrance for a complex of stores. Deputy Ethridge pulled in front of the van, and Investigator Duprey parked behind the van. Defendant, who was alone in the van, produced his driver's license confirming that he was in fact the person they were looking for.

The officers asked Defendant to step out of the vehicle. Defendant said he had just come from Petersburg. Deputy Etheridge patted Defendant down for weapons and found a small amount of marijuana and a pipe in one of his pockets. Investigator Duprey informed Defendant that the officers needed to move the van because it was creating a traffic hazard and for investigative purposes. Defendant told officers that he would move the van. But the officers explained he could not get in the van unless he rode with an officer and told them "where the drugs were[.]" At this point, Defendant was not under arrest or "Mirandized." Defendant was handcuffed for officer safety reasons and Sergeant Johnson moved the van after Defendant consented.

While moving the van, Sergeant Johnson "smelled a strong odor of what smelled like cocaine." Officers then searched the vehicle, although Defendant did not consent, and located a Wendy's restaurant food bag between the driver's seat and front passenger seat. Inside the food bag was a plastic bag containing approximately six ounces of cocaine. The officers then placed Defendant under arrest.

Following the trial court's denial of his Motion to Suppress all evidence seized from the stop of the van, Defendant reserved his right to appeal the ruling and pled no contest to the charges. Defendant was sentenced to two consecutive sentences of thirty-five to forty-two months imprisonment and a $100,000 fine. Defendant appealed the denial of the motion to suppress.

Defendant argues that the trial court erred in denying his motion to suppress because his constitutional rights were violated by the illegal (1) stopping of his vehicle; (2) movement and search of his vehicle; and (3) pat down of his person. We disagree.

"The standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are con-

clusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Smith*, 160 N.C. App. 107, 114, 584 S.E.2d 830, 835 (2003) (citation omitted). If the trial court's conclusions of law are supported by its factual findings, we will not disturb those conclusions on appeal. *State v. Logner*, 148 N.C. App. 135, 138, 557 S.E.2d 191, 193-94 (2001).

Where an appellant fails to assign error to the trial court's findings of fact, the findings are "presumed to be correct." *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998). As Defendant failed to assign error to any findings of fact, our review is limited to the question of whether the trial court's findings of fact, which are presumed to be supported by competent evidence, support its conclusions of law and judgment. *Okwara v. Dillard Dep't Stores, Inc.*, 136 N.C. App. 587 591-92, 525 S.E.2d 481, 484 (2000).

Defendant argues that the stop of his vehicle violated his constitutional rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution and Article I, Section 20 of the North Carolina Constitution. We disagree.

The Fourth Amendment of the United States Constitution and Article I, Section 20 of the North Carolina Constitution prohibit unreasonable searches and seizures. These constitutional provisions apply to "brief investigatory detentions such as those involved in the stopping of a vehicle." *State v. Watkins*, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (citation omitted). An investigatory stop must be based upon a reasonable articulable suspicion the person is, was, or will be involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968); *State v. Thompson*, 296 N.C. 703, 252 S.E.2d 776, *cert. denied*, 444 U.S. 907, 62 L. Ed. 2d 143, 100 S. Ct. 220 (1979). In determining the validity of the stop, the reviewing court must consider the totality of the circumstances known to the officer at the time of the stop, and determine whether a "reasonable and cautious" police officer would have had a reasonable articulable suspicion that criminal activity was afoot. *State v. Jones*, 96 N.C. App. 389, 395, 386 S.E.2d 217, 221 (1989).

Here, officers had a reasonable articulable suspicion that Defendant was involved in illegal activity at the time they made the investigatory vehicle stop. The uncontested findings of fact show: (1) a confidential informant told police that Defendant would be transporting cocaine that day; (2) Defendant was driving a vehicle that matched the description given by the informant; (3) the tag num-

bers on the vehicle matched that of the vehicle registered to Defendant; (4) Defendant was driving on the suspected route for drug transportation; and (5) Defendant crossed into Dare County at the approximate time indicated by the informant. The totality of the circumstances gave police a reasonable articulable suspicion that Defendant was transporting drugs. *Jones*, 96 N.C. App. at 395, 386 S.E.2d at 221. Therefore, the vehicle stop did not violate Defendant's federal or state constitutional rights.

Defendant next argues that the subsequent entry and movement of his vehicle violated his constitutional rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution and Article I, Section 20 of the North Carolina Constitution. We disagree.

An officer does not need to obtain a warrant or have probable cause to enter a vehicle if the owner of the vehicle gives consent. *State v. Barden*, 356 N.C. 316, 340-41, 572 S.E.2d 108, 125 (2002); *State v. Jones*, 161 N.C. App. 615, 618-19, 589 S.E.2d 374, 376 (2003). The findings of fact explicitly state ". . . [Defendant] gave Sgt. Johnson permission to move the van . . . ." As Defendant did not assign error to this finding of fact, it is presumed correct. *Inspirational Network, Inc.*, 131 N.C. App. at 235, 506 S.E.2d at 758. As consent was given, Defendant's federal and state constitutional rights were not violated when Sergeant Johnson entered and moved the vehicle.

Defendant next argues that the officers searched Defendant's vehicle without a search warrant and without probable cause to search the vehicle in violation of his constitutional rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution and Article I, Section 20 of the North Carolina Constitution. We disagree.

It is a well-established rule that a search warrant is not required before a lawful search based on probable cause of a motor vehicle in a public roadway or in a public vehicular area may take place. *United States v. Ross*, 456 U.S. 798, 809, 72 L. Ed. 2d 572, 583-84 (1982); *Isleib*, 319 N.C. at 638, 356 S.E.2d at 576. " 'Probable cause exists where 'the facts and circumstances within their [the officers'] knowledge and of which they had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed.' " *State v. Earhart*, 134 N.C. App. 130, 133, 516 S.E.2d 883, 886 (1999) (quoting *State v. Zuniga*, 312 N.C. 251, 261, 322 S.E.2d 140, 146 (1984)). "In utilizing an informant's tip, probable cause is deter-

mined using a 'totality-of-the-circumstances' analysis which 'permits a balanced assessment of the relative weights of all the various indicia of reliability (and unreliability) attending an informant's tip.' " *Earhart*, 134 N.C. App. at 133, 516 S.E.2d at 886 (quoting *Illinois v. Gates*, 462 U.S. 213, 234, 76 L. Ed. 2d 527, 545, *rehearing denied*, 463 U.S. 1237, 77 L. Ed. 2d 1453 (1983)).

As stated earlier, the uncontested findings of fact show: (1) a confidential informant told police that Defendant would be transporting cocaine that day; (2) Defendant was driving a vehicle that matched the description given by the informant; (3) the tag numbers on the vehicle matched that of the vehicle registered to Defendant; (4) Defendant was driving on the suspected route for drug transportation; and (5) Defendant crossed into Dare County at the approximate time indicated by the informant. Also, the informant had provided accurate narcotics information to Sergeant Johnson on three prior occasions.

Moreover, upon lawfully entering and moving the vehicle, Sergeant Johnson "smelled a strong odor of what smelled like cocaine." Plain smell of drugs by an officer is evidence to conclude there is probable cause for a search. *State v. Trapper*, 48 N.C. App. 481, 484-85, 269 S.E.2d 680, 682, *appeal dismissed*, 301 N.C. 405, 273 S.E.2d 450 (1980), *cert. denied*, 451 U.S. 997, 68 L. Ed. 2d 856 (1981) (affidavit containing a statement that a strong odor of marijuana was noticed was evidence from which a magistrate could conclude there was probable cause to issue a search warrant).

In sum, the totality of the circumstances of Defendant's vehicle and identity match to the informant's tip along with the odor of cocaine gave the officers probable cause that an offense was being committed. *Earhart*, 134 N.C. App. at 133, 516 S.E.2d at 886. Therefore, the officers did not violate Defendant's federal or state constitutional rights when searching the vehicle. *Isleib*, 319 N.C. at 638, 356 S.E.2d at 576.

Finally, Defendant argues that the pat down of his person violated his constitutional rights under the Fourth, Fifth, and Sixth Amendments of the United States Constitution and Article I, Section 20 of the North Carolina Constitution. Regardless of whether the pat down was illegal, this argument is irrelevant. Neither the pat down nor the evidence of marijuana found on Defendant's person factored in our analysis of the legality of the vehicular stop, entry and movement of the vehicle, and search of the vehicle leading to the cocaine

charges against Defendant. Indeed, the officers found only marijuana on Defendant's person during the pat down search. Defendant was never charged with any drug offense for the possession of marijuana. Therefore, even if the marijuana should have been excluded from evidence, it would have been harmless error for the transportation of cocaine charges.

The trial court's denial of the motion to suppress was proper and we therefore affirm the order of the trial court.

Affirmed.

Judges TYSON and ELMORE concur.