IN THE SUPREME COURT OF NORTH CAROLINA

No. 249PA14

STATE OF NORTH CAROLINA

v.

JOSE GUSTAVO GALAVIZ-TORRES

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 763 S.E.2d 17 (2014), reversing judgments entered on 24 May 2013 by Judge Hugh B. Lewis in Superior Court, Mecklenburg County, and ordering that defendant receive a new trial. Heard in the Supreme Court on 19 March 2015.

*Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

*Glenn Gerding for defendant-appellee.*

ERVIN, Justice.

Defendant Jose Gustavo Galaviz-Torres was convicted of one count of trafficking in at least 400 grams of cocaine by possession, one count of trafficking in at least 400 grams of cocaine by transportation, and one count of possession of cocaine with the intent to sell or deliver. A unanimous panel of the Court of Appeals reversed defendant's convictions and awarded defendant a new trial. We now reverse the Court of Appeals' decision.

In March 2012, officers of the Charlotte-Mecklenburg Police Department and the Drug Enforcement Administration began a joint investigation into defendant's activities based on information that had been received from a confidential informant indicating that defendant was trafficking in cocaine. On 26 March 2012, investigating officers arranged for the confidential informant to purchase approximately two kilograms of cocaine from defendant in a Taco Bell parking lot. After defendant arrived at the parking lot driving a gray van, the informant met with defendant, observed that the drugs to be purchased were in the vehicle, and contacted Special Agent Jorge Alamillo of the Drug Enforcement Administration, who gave the signal that defendant should be arrested. During a search of the van,[1] investigating officers found a gift bag next to the driver's seat containing three packages of cocaine, the largest of which held a kilogram of that substance.

After having been advised of his *Miranda* rights, defendant told investigating officers that he had procured the cocaine from an individual named Gavilan, that he paid $32,000 for a kilogram of cocaine, and that cocaine could be found at his residence.[2] In addition, defendant took investigating officers to the location at which

---

[1] The van that defendant was operating at the time that he arrived at the Taco Bell parking lot was not the van in which defendant had left his residence in Gastonia earlier that day. As defendant drove from Gastonia to Charlotte, he was stopped by investigating officers. Although a drug dog alerted on a portion of the van that defendant was driving, a search of that vehicle did not reveal the presence of any controlled substances.

[2] Investigating officers recovered cocaine during a subsequent search of defendant's Gastonia residence.

he claimed to have obtained the cocaine found in the van, although a search of the premises in question did not result in the discovery of any controlled substances. Finally, defendant admitted to investigating officers that he had previously sold or delivered nine ounces of cocaine in Gastonia and that, on the day of his arrest, he was supposed to make $2,000 for delivering the cocaine that had been seized from the vehicle that he was driving.

On 2 April 2012, defendant was indicted for trafficking in at least 400 grams of cocaine by possession, trafficking in at least 400 grams of cocaine by transportation, and possession of cocaine with the intent to sell or deliver. The charges against defendant came on for trial at the 20 May 2013 criminal session of the Superior Court, Mecklenburg County, before the trial court and a jury. At trial, defendant testified that he had arrived at the Taco Bell on the date in question to deliver ladders at the request of a man for whom he had performed construction work in the past. Defendant claimed that he had borrowed the van that he was driving, that he did not know that the van contained cocaine, and that the cocaine seized from the van did not belong to him. In addition, defendant denied having made any statements to investigating officers admitting that he had been transporting cocaine on the day in question or that he had been paid to transport cocaine in the past. Although defendant did acknowledge having told investigating officers that there was cocaine at his house, he denied being the owner of the cocaine that was found there.

At the conclusion of the trial, the trial court instructed the jury that, to convict defendant of possession of cocaine with the intent to sell or deliver, the jury had to be satisfied beyond a reasonable doubt:

> First, that the Defendant knowingly possessed cocaine. . . . A person possesses cocaine when he is aware of its presence and has either by himself or together with others both the power and intent to control the disposition or use of that substance.
>
> And second, that the Defendant intended to deliver -- intended to sell or deliver the cocaine.

Similarly, the trial court instructed the jury that, to convict defendant of trafficking in at least 400 grams of cocaine by possession, the jury must be satisfied beyond a reasonable doubt:

> First, that the Defendant knowingly possessed cocaine. A person possesses cocaine if he is aware of its presence and has either by himself or together with others both the power and intent to control the disposition or use of that substance.
>
> And second, that the amount of cocaine which the Defendant possessed was 400 grams or more.

Finally, the trial court instructed the jury that, to convict defendant of trafficking in at least 400 grams of cocaine by transportation, the jury had to be satisfied beyond a reasonable doubt:

> First, that the Defendant knowingly transported cocaine from one place to another.
>
> And second, that the amount of cocaine which the Defendant transported was 400 grams or more.

Although the trial court instructed the jury concerning the concepts of actual and constructive possession, the court clearly indicated that both forms of possession required the jury to find beyond a reasonable doubt that the alleged possessor had to be "aware of its presence" and exercise control over it. The trial court further instructed the jury that close proximity to the substance that defendant was charged with possessing did "not by itself permit an inference that the Defendant was aware of its presence" or had the power or intent to control its disposition or use. Defendant's trial counsel did not object to any of the trial court's instructions or request that any additional instructions be given.

On 24 May 2013, the jury returned a verdict finding defendant guilty as charged. After consolidating defendant's convictions for possession of cocaine with the intent to sell or deliver and trafficking in at least 400 grams of cocaine by possession for judgment, the trial court entered a judgment sentencing defendant to a term of 175 to 222 months imprisonment and requiring defendant to pay a $250,000 fine. In addition, the trial court entered a judgment sentencing defendant to a consecutive term of 175 to 222 months imprisonment and the payment of a $250,000 fine based upon his conviction for trafficking in at least 400 grams of cocaine by transportation. Defendant noted an appeal to the Court of Appeals from the trial court's judgments.

On appeal, defendant argued that the trial court had committed plain error by failing to adequately instruct the jury that the State had to prove beyond a reasonable doubt that he knew that he had possessed and transported cocaine. *State v. Galaviz-Torres*, ___ N.C. App. ___, 763 S.E.2d 17, 2014 WL 2993850, at *2 (2014) (unpublished). In reversing the trial court's judgments and awarding defendant a new trial, the Court of Appeals held, in reliance on its prior decision in *State v. Coleman*, ___ N.C. App. ___, 742 S.E.2d 346, *disc. rev. denied*, 367 N.C. 271, 752 S.E.2d 466 (2013), that the trial court was required to instruct the jury in accordance with footnote four to North Carolina Pattern Jury Instructions – Criminal 260.17 (drug trafficking by possession) [N.C.P.I. Crim. 260.17] and Criminal 260.30 (drug trafficking by transportation) [N.C.P.I. Crim. 260.30] because defendant contended at trial that he did not know that he possessed a controlled substance. *Galaviz-Torres*, 2014 WL 2993850, at *3-4. The Court of Appeals further concluded that the failure to give the instructions in footnote four in this case constituted plain error, *id.* at *5, despite the presence of defendant's " 'overwhelming and uncontroverted evidence of guilt.' " *Id.* at *4 (quoting *Coleman*, ___ N.C. App. at ___, 742 S.E.2d at 352). We reverse the decision of the Court of Appeals.

"Felonious possession of a controlled substance has two essential elements. The substance must be possessed and the substance must be knowingly possessed." *State v. Weldon*, 314 N.C. 401, 403, 333 S.E.2d 701, 702 (1985) (citation and quotation marks omitted). A presumption that the defendant has the required guilty knowledge

exists in the event that the State makes a prima facie showing that the defendant has committed a crime, such as trafficking by possession, trafficking by transportation, or possession with the intent to sell or deliver, that lacks a specific intent element. *See State v. Elliott*, 232 N.C. 377, 378, 61 S.E.2d 93, 95 (1950). However, when the defendant denies having knowledge of the controlled substance that he has been charged with possessing or transporting, the existence of the requisite guilty knowledge becomes "a determinative issue of fact" about which the trial court must instruct the jury. *State v. Boone*, 310 N.C. 284, 294, 311 S.E.2d 552, 559 (1984), *overruled on other grounds by State v. Oates*, 366 N.C. 264, 267, 732 S.E.2d 571, 573-74 (2012); *see also State v. Nobles*, 329 N.C. 239, 244, 404 S.E.2d 668, 671 (1991) (stating that, "when the defendant introduces evidence of lack of guilty knowledge the court must charge on it"); *Elliott*, 232 N.C. at 378-79, 61 S.E.2d at 95 (same). As a result, given that defendant denied having knowingly possessed the cocaine found in the van that he was driving, the ultimate issue raised by the State's challenge to the Court of Appeals' decision is whether the trial court's instructions, which consisted of a recitation of N.C.P.I. Crim. 260.17 and N.C.P.I. Crim. 260.30 without the material contained in footnote four, adequately informed the jury that, in order to convict defendant of the offenses with which he had been charged, it must find beyond a reasonable doubt that defendant actually knew that he had cocaine in his possession.

In *Boone*, the defendant was convicted of possessing a controlled substance after investigating officers discovered marijuana inside a duffel bag found in the trunk of the defendant's car. 310 N.C. at 285-86, 311 S.E.2d at 554. At trial, the defendant admitted that he knew that a duffel bag had been placed in the trunk of his car. However, the defendant denied that he owned the duffel bag or had any knowledge of its contents. *Id.* at 293-94, 311 S.E.2d at 558-59. At the conclusion of all of the evidence, the trial court instructed the jury:

> "Now, Ladies and Gentlemen of the Jury, I charge that for you to find the defendant guilty of possessing marijuana, a controlled substance with the intent to sell and/or deliver it, the State must prove two things beyond a reasonable doubt. First, that the defendant knowingly possessed marijuana. *And the defendant, in that connection, the defendant knew or had reason to know that what he possessed was marijuana and marijuana is a controlled substance.*"

*Id.* at 291, 311 S.E.2d at 557 (emphasis added by court.). After noting that the instruction delivered by the trial court had been taken from the relevant pattern jury instruction, we held that the instruction in question was inconsistent with the applicable law on the grounds that "actual knowledge of the presence of the narcotic on the part of a defendant is an essential ingredient of the offense of possession of narcotics." *Id.* at 291, 293, 311 S.E.2d at 557-58 (citations omitted). As a result, we held "that the trial court erred in instructing the jury that defendant could be found guilty of possessing marijuana if he had reason to know that what he possessed was marijuana" and noted that "the court should have instructed the jury that the

defendant is guilty only in the event he knew the marijuana was in the trunk of his automobile and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty." *Id.* at 294, 311 S.E.2d at 559 (citing *Elliott*, 232 N.C. at 379, 61 S.E.2d at 95).

In reliance upon *Boone*, footnote four to N.C.P.I. Crim. 260.17 states that, "[i]f the defendant contends that he did not know the true identity of what he possessed, add this language to the first sentence: 'and the defendant knew that what he possessed was (name substance).' "[3] 3 N.C.P.I. – Crim. 260.17 n.4 (June 2012). As modified by the language found in footnote four, the pattern instruction applicable to the offense of trafficking in cocaine by possession would read, in pertinent part, that:

> For you to find the defendant guilty of this offense the State must prove two things beyond a reasonable doubt:
>
> First, that the defendant knowingly possessed cocaine *and the defendant knew that what he possessed was cocaine.* A person possesses cocaine if he is aware of its presence and has (either by himself or together with others) both the power and intent to control the disposition or use of that substance.

---

[3] Similarly, footnote four to N.C.P.I. Crim. 260.30, which relates to the offense of trafficking in certain controlled substances by transportation, provides that the jury should be instructed in appropriate cases that "the defendant knew what he transported was" a controlled substance. 3 N.C.P.I. – Crim. 260.30 n.4 (June 2012). The textual discussion concerning the manner in which the jury should be instructed in a case involving a trafficking by possession charge applies equally to a case in which the defendant has been charged with trafficking in a controlled substance by transportation.

3 N.C.P.I. Crim. 260.17, at 1-2 & n.4 (emphasis added) (footnote call number omitted). In this case, defendant contended before the Court of Appeals and contends before this Court that the trial court should have added language from footnote four to its instructions given the existence of evidence tending to show that he was unaware that the gift bag was in the van or that the gift bag contained cocaine.

Although defendant argues that the guilty knowledge requirement is not satisfied when the record shows that he acknowledged possessing a particular substance without knowing the identity of that substance or possessed a particular container while remaining ignorant of its contents and that, in such circumstances, the language contained in footnote four should be included in the trial court's instructions to the jury, the present case does not involve either of these sets of circumstances. In this case, defendant did not either deny knowledge of the contents of the gift bag in which the cocaine was found or admit that he possessed a particular substance while denying any knowledge of the substance's identity. Instead, defendant simply denied having had any knowledge that the van that he was driving contained either the gift bag or cocaine. As a result, since defendant did not "contend[ ] that he did not know the true identity of what he possessed," *id.* n.4, the prerequisite for giving the instruction in question simply did not exist in this case. As a result, the trial court did not err by failing to deliver the additional instruction contained in footnote four to N.C.P.I Crim. 260.17 and N.C.P.I. Crim. 260.30 in this case.

In reaching a contrary conclusion, the Court of Appeals determined that it was required to decide this issue in defendant's favor based on its previous decision in *State v. Coleman.* In *Coleman*, investigating officers found a box containing marijuana and heroin in the trunk of a vehicle driven by the defendant. ___ N.C. App. at ___, 742 S.E.2d at 347. Although he readily admitted that he knew that the box was in the vehicle's trunk, the defendant told investigating officers following his arrest for trafficking in heroin[4] that he believed that the box contained marijuana and cocaine instead of marijuana and heroin. *Id.* at ___, 742 S.E.2d at 349. As was the case in the present proceeding, the trial court in *Coleman* instructed the jury using N.C.P.I. Crim. 260.17 and N.C.P.I. Crim. 260.30 without including the language contained in footnote four. *Id.* at ___, 742 S.E.2d at 351.

On appeal, the principal issue before the Court of Appeals was whether the defendant's statements to investigating officers that he believed that the box contained marijuana and cocaine rather than marijuana and heroin amounted to a contention that he did not know that the box contained heroin, thereby making the extent of the defendant's guilty knowledge a material issue for the jury's consideration.[5] *Id.* at ___, 742 S.E.2d at 350. In its opinion, the Court of Appeals

---

[4] According to the Court of Appeals, the defendant in *Coleman* was never charged with having committed any marijuana-related offense.

[5] As the State has pointed out in its brief before this Court, the State made no attempt to persuade the Court of Appeals in *Coleman* that the trial court did not err by failing to instruct the jury in accordance with footnote four.

concluded that the trial court had erred by failing to include the language in footnote four in its jury instructions, *id.* at ___, 742 S.E.2d at 350, and held that, in light of the facts contained in the record, the trial court's failure to include that language in its jury instructions constituted plain error, *id.* at ___, 742 S.E.2d at 350-52.

In view of the substantial difference between the facts at issue here and those at issue in *Coleman*, we conclude that the Court of Appeals erred by determining that the decision in *Coleman* controlled the outcome in this case. On the one hand, the defendant in *Coleman* admitted that he knew of the box that contained marijuana and heroin. However, while he admitted that he thought that the box contained cocaine in addition to marijuana, he said that he did not believe that the box contained heroin. In this case, defendant denied any knowledge of either the gift bag located in the van that he was driving or its contents. In the factual situation before the Court in *Coleman*, the instruction in footnote four served the purpose of informing the jury that, in order to convict, it must find that the defendant "knowingly possessed" a controlled substance (that is, the defendant was "aware of its presence") and that the defendant "knew that what he possessed was" the drug in question. In other words, the instruction in footnote four made it clear to the jury that, for the defendant to be guilty, he had to both knowingly possess a substance and know that the substance that he possessed was the substance that he was charged with possessing. In this case, on the other hand, defendant denied any knowledge that he possessed any container or controlled substance at all. Thus, the basic pattern

instruction given here, which required the jury to find that defendant "knowingly possessed" the drug,—that he was in fact "aware of its presence" and had the ability to exercise control over it—adequately informed the jury of the determination that it must make in light of the position that defendant asserted. For that reason, the trial court's instructions here, unlike the instructions delivered in *Coleman*, adequately addressed the issue that the jury had to decide to determine defendant's guilt or innocence.[6] As a result, the trial court did not err, much less commit plain error, by failing to instruct the jury in accordance with footnote four to N.C.P.I. Crim. 260.17 and N.C.P.I. Crim. 260.30 in this case.

In addition, even if defendant had been correct in contending that the trial court erred by failing to instruct the jury in accordance with footnote four, any such error would not have risen to the level of plain error given the record developed at trial in this case.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty.

---

[6] The Court of Appeals distinguished *Coleman* on the same basis in *State v. Beam*, ___ N.C. App. ___, ___, 753 S.E.2d 232, 233, *disc. rev. denied*, 367 N.C. 496, 757 S.E.2d 904 (2014), and reached a result consistent with the analysis set out in the text of this opinion in *State v. Lopez,* 176 N.C. App. 538, 545-46, 626 S.E.2d 736, 742 (2006).

*State v. Lawrence,* 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and internal quotations marks omitted); *see also State v. Grice*, 367 N.C. 753, 764, 767 S.E.2d 312, 321 (2015) (noting that plain error "is reserved for the exceptional case" and "requires a defendant to show that the prejudicial error was one that seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings" (alteration in original) (citation and internal quotation marks omitted)). In its plain error analysis, the Court of Appeals, which considered itself bound by *Coleman*, stated that "[the] Court [in *Coleman*] held that the trial court's errors amounted to plain error and awarded a new trial even assuming arguendo that the 'entire record reveals overwhelming and uncontroverted evidence of guilt.'" *Galaviz-Torres*, 2014 WL 2993850, at *4 (quoting *Coleman*, __ N.C. App. at __, 742 S.E.2d at 352). However, the Court of Appeals in *Coleman* never determined that the evidence that had been presented against the defendant was "overwhelming and uncontroverted." Instead, the Court of Appeals in *Coleman* concluded that the defendant was entitled to plain error relief because the issue of whether he knew that the substance that he possessed was heroin was both sharply controverted and critical to the outcome reached at trial. *Coleman*, ___ N.C. App. at ___, 742 S.E.2d at 352. Instead of being "uncontroverted" and "overwhelmingly" in the State's favor, the evidence in *Coleman* reflected that the defendant told the investigating officers shortly after he was taken into custody that he did not know that the box contained heroin in addition to marijuana. Moreover, the State failed to elicit any direct evidence suggesting that

the defendant's contention was untruthful.  Finally, the prosecutor mistakenly argued to the jury that, even if the defendant "suspected" that the box contained heroin, "that is enough" to show the requisite guilty knowledge.  ___ N.C. App. at ___, 742 S.E.2d at 352.  As a result, given the presence of substantial evidence tending to show that the defendant did not possess the requisite guilty knowledge, coupled with the prosecutor's legally erroneous jury argument, the Court of Appeals concluded that the trial court's failure to instruct the jury in accordance with footnote four had a probable impact on the jury's verdict and necessitated an award of appellate relief. *Id.* at ___, 742 S.E.2d at 352.

In the present case, by contrast, the State elicited a considerable amount of evidence indicating that defendant actually knew that he had possessed and transported cocaine.  Among other things, the State presented evidence that defendant admitted that the substance found in the gift bag was cocaine and that he took investigating officers to the place where he had obtained the cocaine in question. Given that the record contained ample evidence tending to contradict defendant's claim that he did not know that he possessed or transported any controlled substance, we cannot say that any error that the trial court might have committed by failing to include the language in footnote four in its jury instructions had a probable impact on the jury's decision to convict defendant.  The Court of Appeals' decision to the contrary rested on both a misreading of *Coleman* and a misapplication of the applicable standard of review.

Thus, we conclude that the trial court did not err, much less commit plain error, by failing to instruct the jury in accordance with the language in footnote four to N.C.P.I. Crim. 260.17 and N.C.P.I. Crim. 260.30 given that defendant's defense at trial did not implicate the concerns addressed by the language in that footnote. Instead, the language of the basic pattern instructions contained in N.C.P.I. Crim. 260.17 and N.C.P.I. Crim. 260.30 amply addressed the legal issues arising from defendant's contentions at trial. As a result, the decision of the Court of Appeals is reversed.


REVERSED.