DILLON, Judge, dissenting.
Defendant was convicted of trafficking cocaine by possession . Police found a large quantity of cocaine in a black box abandoned in the woods, the same black box which Defendant gave as ransom to individuals *493 who, the day before, had kidnapped his father. Defendant argues that the trial court should have dismissed the trafficking by possession charge, contending that the lapse of time between the time Defendant possessed the black box and the time police discovered it the next day with cocaine inside was too great to create a reasonable inference that there was cocaine in the box when Defendant possessed it the day before. The majority agrees with Defendant and has ordered the judgment be vacated.
I respectfully dissent for two independent reasons, which I address in turn below. First, Defendant did not preserve his argument on appeal because the basis for his current argument on appeal is not the same as the basis of the argument Defendant made before the trial court. And second, the time lapse from the time Defendant possessed the box and *706 the time drugs were discovered in the box, given the other evidence, was not too great to foreclose a reasonable inference that drugs were in the box when Defendant possessed the box. That is, while the evidence in some cases may foreclose allowing juries from inferring that drugs found in a container were in the container the day before, or even the hour before, the evidence in this case does not foreclose such inference from being made.
I. Waiver of Argument
Defendant has not preserved his "insufficiency of the evidence" argument because the ground for his argument on appeal is different from the ground he argued before the trial court. See State v. Jones , 223 N.C. App. 487, 495, 734 S.E.2d 617, 623 (2012), aff'd , 367 N.C. 299, 758 S.E.2d 345 (2014) (holding that a defendant, making a motion to dismiss at trial, has preserved the argument only on the ground asserted at trial and that any other grounds to support the argument are waived on appeal).
"Felonious possession of a controlled substance has two essential elements. [1] The substance must be possessed and [2] the substance must be knowingly possessed." State v. Galaviz-Torres , 368 N.C. 44, 48, 772 S.E.2d 434, 437 (2015) (emphasis added). The basis for Defendant's motion at trial was based on the second element, whether there was sufficient evidence that Defendant knew there was cocaine in the black box when he possessed it. On appeal, though, Defendant's argument is based on the first element, whether there was sufficient evidence that cocaine was, in fact, in the box at the time Defendant possessed it. Therefore, Defendant has not preserved his argument for appeal.
II. There Was Sufficient Evidence To Submit Charge to the Jury
Even assuming that Defendant has preserved his argument, I conclude that Judge Hardin got it right. While the evidence in some cases may foreclose allowing juries from reasonably inferring that drugs found in a container were in the container the day before, or even the hour before, the evidence in this case, taken in the light most favorable to the State, did not foreclose such inference from being made by the jury.
To be sure, there was no direct evidence that cocaine was in the black box at the time Defendant possessed it: No one testified as to having seen cocaine in the box when Defendant exchanged the box for the safe return of his father. However, I conclude that the circumstantial evidence raised a strong enough inference that cocaine was in the box at that time to allow the jury to make the call. Indeed, in my view the *707 strongest inference from the circumstantial evidence, taken in the light most favorable to the State, suggests that cocaine was in the box at the time Defendant possessed it. This circumstantial evidence tended to show as follows:
Scrappy complained to Polo that he was upset that he had "lost $160,000 in cocaine to some [ ] guys," and Scrappy enlisted Polo to help him "straighten that out." That night, he and Polo kidnapped Defendant's father. The next day, Defendant arrived where his father was being held and exchanged the black box, which felt "pretty heavy" to Scrappy, in return for his father. When an argument ensued and gunshots were being fired, Scrappy ran into the woods clinging to the black box. The next day, police found the black box abandoned in the woods with a large quantity of cocaine inside.
*494 Based on the evidence, when viewed in the light most favorable to the State, a juror could reasonably infer that there was cocaine in the black box when Defendant passed it to Scrappy. In my view, it is the strongest inference. It is certainly possible that cocaine was somehow placed in the box after Defendant gave it to Scrappy. But it seems unlikely that Scrappy would have left the woods, filled the box with over $100,000 worth of cocaine, returned to the woods near the place of the shooting, and abandoned the box and cocaine. In any event, whether the evidence established Defendant's guilt beyond a reasonable doubt was, in my view, a question for each juror to determine, as Judge Hardin ruled. The jurors made their call, and the judgment based on their verdict should stand.